CORNELIA L. OTIS *vs.* SAMUEL F. OTIS & others.

Hampden.    October 23, 1896. — January 6, 1897.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Trust — Equity — Decree — Costs.*

A person to whose hands a trust fund comes by conveyance from the original trustee is chargeable as a trustee in his turn, if he takes it without consideration, whether he has notice of the trust or not.

If a bill in equity is brought to recover an identified fund wherever it may be found, and it turns out that the fund is gone and has been misappropriated by the concurrent action of all the defendants, the plaintiff has a right to compensation as alternative relief, and is entitled to a decree against all the parties concerned to the extent of their respective misappropriations, but can have only one bill of costs.

BILL IN EQUITY, filed in the Superior Court on July 30, 1892, originally against Samuel F. Otis and the Springfield Safe Deposit and Trust Company, to recover a fund of $10,000 deposited by Otis with the defendant corporation, and alleged to belong to the plaintiff. An injunction against the withdrawal or transfer of the fund was issued on the bill. The bill was amended on

April 26, 1895, by joining Ellen Fassaur, Dora Collins, Etta Fisher, and Rosella D. Denney, as parties defendant. The case was referred to a master, who made his report, to which exceptions were taken by the plaintiff. Hearing before *Gaskill*, J., who made certain findings, and entered a decree for the plaintiff against the individual defendants; and they appealed to this court. The facts sufficiently appear in the opinion.

*W. H. Brooks & W. S. Robinson*, for the defendants.

*J. Barnes*, for the plaintiff.

HOLMES, J. The master finds that the fund in question belonged to the plaintiff, that it was received by the defendant Samuel F. Otis as a gift from the plaintiff's husband, who received it as her agent or trustee, and that it was distributed by Samuel F. Otis among his four daughters, the other defendants, also as a gift. These findings were not excepted to and are not discussed in the defendants' argument, and therefore we assume them to be correct, as we see no reason to doubt that they are. They are sufficient to establish the plaintiff's right to recover, without regard to her exceptions or to the judge's additional findings.* A person to whose hands a trust fund comes by conveyance from the original trustee is chargeable as a trustee in his turn, if he takes it without consideration, whether he has notice of the trust or not. This has been settled for three hundred years, since the time of uses. "If the feoffees enfeoff one without consideration, it is to the first use, although it be without notice." Y. B. 14 Hen. VIII. 9, pl. 5. *Chudleigh's case*, 1 Co. Rep. 120, 122 *b*. *Mansell* v. *Mansell*, 2 P. Wms. 678, 681. *Clark* v. *Flint*, 22 Pick. 231, 243. *Atlantic Cotton Mills* v. *Indian Orchard Mills*, 147 Mass. 268, 272, 273. Lewin, Trusts, (9th ed.) 976. Perry, Trusts, §§ 217, 220.

---

* These findings were, in substance, that the fund was transferred by Otis to the other defendants for the purpose of preventing the same being reached by the plaintiff; that on and after the service of the injunction upon Otis, the other defendants had reasonable cause to believe, and believed, that the plaintiff had a claim of ownership upon the fund so transferred to them; and that, after the service of the injunction upon Otis, and while the money was in the hands of the other defendants, each of them believed that the money received by each was claimed by the plaintiff, "and was purposely and intentionally kept and disposed of by each, in order to prevent the plaintiff obtaining it in case it should be determined to belong to her."

By the bill as originally filed the plaintiff sought to recover an identified fund supposed to be deposited in a trust company subject to the order of the defendant Samuel F. Otis. When it appeared that before the bill was filed he had withdrawn the fund, a prayer was added that he might be ordered " to pay over said moneys to the plaintiff." And when it appeared further that he had transferred the fund to his daughters, a further amendment joined them, and prayed that they might "be ordered to transfer said funds to the plaintiff." These prayers look, primarily perhaps, to the recovery of an identified fund wherever it may be found. It turns out, however, that the fund is gone, and has been misappropriated by the concurrent action of all the defendants. Under these circumstances the plaintiff has a right to compensation as alternative relief, and is entitled to a decree against all the parties concerned, to the extent of their respective misappropriations. *Trull* v. *Trull,* 13 Allen, 407. *Loring* v. *Brodie,* 134 Mass. 453. *Wilson* v. *Moore,* 1 Myl. & K. 126, 143, and 337. *Duncan* v. *Jaudon,* 15 Wall. 165. *Swift* v. *Williams,* 68 Md. 236. It hardly is worth while to consider whether an amendment of the prayers is technically proper, as undoubtedly it would be allowed without costs.

The decree may be modified so far as to make it clear that the plaintiff recovers but one bill of costs, which we presume is all that it means in its present form.*

*Decree for the plaintiff.*

---

* The decree ordered that the bill be dismissed as to the defendant corporation, with costs; that the defendant Otis account for and pay over to the plaintiff $10,000, with interest from the filing of the bill; that, if he should not within thirty days pay over such sum and interest to the plaintiff, the other defendants should each account for and pay over to the plaintiff $2,500, with interest from the filing of the amended bill, or such proportion of that sum and interest as might not have been paid over to the plaintiff by Otis; and that the plaintiff recover against each of the defendants her costs of suit.