### ARGUED AND DETERMINED

#### IN THE

# SUPREME JUDICIAL COURT

#### OF

# MASSACHUSETTS.

---

HENRY SARGENT, administrator *de bonis non*, *vs.* ARTHUR E. WOOD & another.

Worcester. March 27, 1907. — June 14, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Equity Jurisdiction*, To follow proceeds of funds abstracted by administrator, To reach and apply equitable assets. *Executor and Administrator. Trust. Equity Pleading and Practice*, Decree for relief conditional on amendment.

In a suit in equity by an administrator *de bonis non* to follow the proceeds of a fund abstracted from the estate of the plaintiff's intestate by a former administrator of the estate and turned over without consideration to his wife the defence was set up that the plaintiff should seek his remedy through the account of the former administrator and by an action on his bond. *Held*, that the remedy by an accounting and an action on the bond was not exclusive and in this case was not adequate and constituted no defence to the suit.

In a suit in equity by an administrator *de bonis non* to follow a fund of $20,000 abstracted from the estate of the plaintiff's intestate by a former administrator of the estate, one of the defendants, and turned over without consideration to his wife, the other defendant, it appeared that the woman defendant received from her husband the $20,000 of the funds of the estate as alleged, that she purchased two mortgages against the estate for $10,000 each, paying for one of them $10,000 in full and upon the other $5,000 out of the abstracted funds, that the remaining $5,000 of the abstracted funds she disposed of in a manner unknown, and paid the remaining $5,000 of the purchase money for the mort-

gages with money borrowed from her brother. *Held,* that the plaintiff was entitled to a decree that one of the mortgages should be discharged and surrendered, and that the other mortgage should be declared to have been satisfied to the extent of $5,000, and should be held by the woman defendant as security only for the sum of $5,000 with interest and the taxes paid by her. But it *also was held,* that the plaintiff should be permitted to amend his bill within a time named by adding a prayer for alternative relief under R. L. c. 159, § 3, cl. 7, to reach and apply to the payment of the indebtedness of the woman defendant, for the $5,000 of the estate received and disposed of by her, her interest in the mortgage for which she paid with the money borrowed from her brother, and it was decreed that, if such an amendment was made and allowed, the decree should be modified by striking out the part which permitted the woman defendant to hold the mortgage as security for $5,000 and interest and taxes paid by her, and by inserting an order that her interest in the mortgage be applied to the payment of the $5,000 which she owed the plaintiff as administrator.

BILL IN EQUITY, as amended, filed in the Supreme Judicial Court on April 17, 1906, for the purpose stated in the first paragraph of the opinion.

The case was referred to James A. Stiles, Esquire, as master. He filed a report and later, after recommittal, filed a supplemental report. A final decree was entered as follows :

" And now this case came on to be further heard at this sitting upon the coming in of the master's report and of the master's report upon recommittal, and the exceptions of the defendant and of the plaintiff to the original report of the master, and was argued by counsel, and thereupon, upon consideration thereof, it is ordered adjudged and decreed that the exceptions of the defendants and also the exception of the plaintiff be overruled and the master's report, excepting as modified by agreement of parties by the terms of which said Arthur E. Wood now owes and is indebted to said plaintiff as administrator *de bonis non* of the estate of David F. Wood, in the sum of one hundred and four thousand eight hundred sixteen dollars and four cents ($104,816.04), be confirmed ; and also the master's report upon recommittal be confirmed.

" And it appearing that a certain mortgage mentioned in the bill bearing date March 6, 1888, executed by David F. Wood and given to the Merchants and Farmers Fire Insurance Company of Worcester, Mass., to secure a loan of ten thousand dollars, and recorded in Worcester District Registry of Deeds, book 1261, page 444, and assigned by said insurance company to the defendant Clara H. Wood on the ninth day of March, 1894, by

assignment recorded in said Registry of Deeds, book 1434, page 567, was on said March 9, 1894, fully paid and satisfied with money wrongfully taken from the funds of the plaintiff's intestate; thereupon it is ordered, adjudged and decreed that the said mortgage be no longer an incumbrance upon the premises therein described against the complainant or any person or persons claiming by, from or under him or under his intestate, and that said defendant Clara H. Wood or any person or persons claiming by, from or under her be debarred and perpetually enjoined from collecting any money upon said deed or mortgage and from setting up the same against the premises therein described, and the said defendant Clara H. Wood is ordered to execute and deliver a discharge of said mortgage to said plaintiff, and to surrender the original mortgage deed to the plaintiff within thirty days from the date of this decree.

"And it further appearing that a certain other mortgage mentioned in the bill bearing date of January 21, 1885, executed by said David F. Wood and given by him to said Merchants and Farmers Fire Insurance Company to secure a loan of twenty thousand dollars, and recorded in said Worcester Registry of Deeds, book 1186, page 516, and assigned to said defendant Clara H. Wood by said Merchants and Farmers Fire Insurance Company on the twenty-third day of March, 1896, by assignment recorded in said Registry, book 1499, page 592, had been paid and satisfied out of the funds of said David F. Wood, or of his estate prior to said twenty-third day of March, 1896, to the extent of ten thousand dollars and interest upon said mortgage up to the last mentioned date, and that upon the date of said assignment said mortgage was paid and satisfied in part, to wit: to the extent of five thousand dollars, with money wrongfully taken from the funds of the plaintiff's intestate; and that the balance then remaining due thereupon, namely, the sum of five thousand dollars, was paid by said Clara H. Wood out of her own funds; thereupon it is ordered that said mortgage shall be a lien upon the premises therein described against said complainant or any person or persons claiming by, through, or under him, or under his intestate, for the sum of five thousand dollars and interest upon said sum from March 23, 1896, and no more, and that said defendant Clara H. Wood or any person or per-

sons claiming by, from or under her, be debarred and perpetually enjoined from collecting any larger sum upon said deed of mortgage and from setting up the same against the premises therein described, for any larger sum.

"And it further appearing that said Clara H. Wood, as said mortgagee, rightfully paid to the collector of taxes for the town of Northboro, for taxes assessed upon the real estate described in the mortgage last above mentioned, and for interest and costs thereon, certain sums of money, viz.: twelve hundred and nine dollars and seventy-eight cents, on the twenty-second day of September, 1903, and six hundred and seventy-eight dollars and ninety-seven cents on the fourteenth day of September, 1904, and caused to be recorded certificates of such payments in accordance with section 65 of chapter 13 of the Revised Laws of this Commonwealth, thereupon, it is ordered, adjudged and decreed that said payments with interest upon each from the time of making the payment shall be added to said mortgage of five thousand dollars due said Clara H. Wood under said mortgage dated January 21, 1885, and recorded in Worcester District Registry of Deeds, book 1186, page 516."

From this decree the defendants appealed, and the plaintiff also appealed.

The case was submitted on briefs.

*J. W. Sheehan & L. Cutting*, for the defendants.

*W. Thayer, H. W. Cobb & F. A. Walker*, for the plaintiff.

KNOWLTON, C. J.   The plaintiff, as administrator *de bonis non* of the estate of David F. Wood, brings this bill to obtain the proceeds of a fund of $20,000, and more, abstracted from the estate by Arthur E. Wood, a former administrator, and turned over to his wife Clara H. Wood without consideration, and by her invested in two mortgages of $10,000 each, which are now held by her against the estate.

The first defence relied on is that the plaintiff should seek his remedy through the account of the former administrator, and by an action on the probate bond.   That remedy, however, is not exclusive, and, upon the facts found by the master in this case, it would be inadequate.   This suit is not to obtain an account of the settlement of the estate, which should be rendered in the Probate Court as a part of the proceedings under the statutes.

It is founded upon a well recognized ground of jurisdiction in equity, that property held under a trust may be followed by those interested as beneficiaries, so long as it can be identified, and may be appropriated by the court to the uses for which it was intended. This defence is without foundation.

The master has found, that more than $20,000 belonging to the estate was taken by Arthur E. Wood, while administrator, and deposited in the name of his wife and held and controlled by her, of which $10,000 was used in paying one of these mortgages which was assigned to her, and $5,000 in partly paying the other mortgage, which was also assigned to her, the remaining $5,000, used to make full payment of the mortgage, having been borrowed by her from her brother. These facts justify and require the relief given to the plaintiff by the final decree, covering the whole of one of the mortgages and all but $5,000 in amount of the other mortgage. *Otis* v. *Otis,* 167 Mass. 245, and cases cited. *Pennington* v. *Smith,* 69 Fed. Rep. 188. Pom. Eq. Jur. (3d ed.) §§ 1047, 1048. Perry, Trusts, (5th ed.) §§ 217, 220.

The only doubtful question in the case is whether the plaintiff is entitled to relief in this suit for the remaining $5,000 of trust funds, abstracted by the former administrator, and received without consideration and appropriated by the other defendant. It is clear that the plaintiff cannot prevail, as to this part of the funds, on the ground that it was used to pay for the mortgage. The female defendant had money to this amount belonging to the estate, and used it otherwise. It was decided in *Otis* v. *Otis, ubi supra,* that in a case of this kind the plaintiff has a right to compensation as alternative relief. See also Perry, Trusts, (5th ed.) § 843. Upon the facts found by the master, the plaintiff is entitled to payment of this part of the fund from the defendants, and, under the R. L. c. 159, § 3, inasmuch as the interest of the female defendant in the mortgage cannot be come at to be attached, and as she has no other visible property from which to collect this amount, there is jurisdiction in the court to apply her remaining interest in the mortgage to the satisfaction of this debt. *Barry* v. *Abbot,* 100 Mass. 396. *Anthracite Ins. Co.* v. *Sears,* 109 Mass. 383. *Tucker* v. *McDonald,* 105 Mass. 423. The only doubt in the case arises on the question whether

the averments of the bill are broad enough to open to the plaintiff this kind of relief. The bill was brought upon an assumption that the whole amount of $20,000, transferred to the female defendant, was used by her in taking up these mortgages. The fact being otherwise as to $5,000 of the money, the question is whether the plaintiff's statements in the bill justify the court in appropriating to the satisfaction of this debt her interest in the mortgage, founded on her payment of $5,000 which she procured elsewhere.

While there is some language in the bill which, by a very liberal construction, might be held applicable to a claim for relief of this kind, it seems quite plain that it was not intended to bring the case within the provisions of the R. L. c. 159, § 3, and that the plaintiff's right to the fund was intended to be put only upon the ground that the money was used in buying the mortgages. At the same time, looking to the plaintiff's general purpose, the bill was brought to obtain relief for the wrongful appropriation of the money. The hearing before the master took a broad range, such that the master's report shows a liability of the female defendant for the money which she used otherwise than by paying the mortgages, and shows also the existence of property of this defendant which cannot be come at to be attached, and which is now in the control of the court under the process issued in this suit. We see no good reason why the plaintiff should not be permitted to amend his bill in such a way as to claim alternative relief against the husband and wife for this part of the fund, to be enforced against the interest of the female defendant in the mortgage represented by the money that she paid, which was borrowed from her brother. Unless the bill is amended the decree of the single justice must be affirmed. If within fourteen days after the rescript is received by the clerk, the plaintiff files a motion to amend his bill, and if an amendment is allowed which properly presents a statement and prayer for additional relief under the statute above referred to, the decree is to be modified by striking out that part which permits the defendant, Clara H. Wood, to hold the mortgage as security for $5,000 and interest thereon from March 23, 1896, and for the taxes paid by her, and by inserting a provision applying this interest in the mortgage to the pay-

ment of the $5,000 of the moneys of the estate which she formerly held and disposed of, and giving the plaintiff costs against her and her husband.

*So ordered.*