## PARKE, DAVIS & COMPANY, Appellant, v. FRED MULLETT.

### Division Two, July 5, 1912.

1. **CORPORATIONS: Foreign: Local Statutes: Compliance With: Contracts.** The transaction of business in this State by a foreign corporation in violation of Secs. 3039 and 3040, R. S. 1909, is unlawful and contrary to State policy, and every contract in furtherance of such business is void.

2. **———: ———: ———: Subsequent Compliance: Contracts.** And where a foreign corporation was, when it executed a contract, doing business in this State in violation of Secs. 3039 and 3040, R. S. 1909, such contract will not be rendered valid by subsequent compliance with the statute.

3. **BILLS AND NOTES: Consideration Partly Illegal: Corporations.** Where a part of the consideration for a note was the sale of goods by a branch office in this State of a foreign corporation acting in violation of Secs. 3039 and 3040, R. S. 1909, the note is void, even though the remainder of the consideration might have been legal.

4. **CORPORATIONS: Foreign: Contracts: Estoppel.** The president of a corporation executed a note to a foreign corporation, part of the consideration for which was a sale of goods within the State in violation of Secs. 3039 and 3040, R. S. 1909. The note was sold to another corporation which soon was adjudi

cated bankrupt. Subsequently the president secured an allowance for the amount of the note against the bankrupt's estate and received a dividend. *Held,* that he was not estopped thereby from setting up the invalidity of the note.

5. **BILLS AND NOTES: Illegal Consideration: Instrument Cannot be Ratified.** The fact that the maker of a note or his agent recognizes its validity does not render it valid at law when a part of its consideration was the sale of goods within the State by the payee, a foreign corporation which had not complied with the conditions precedent prescribed by Sec. 3039, R. S. 1909.

Appeal from Jackson Circuit Court.—*Hon. J. G. Park,* Judge.

AFFIRMED.

*Charles M. Woodruff* and *J. W. Crowley* for appellant.

(1) Where a contract for the sale of property is void because entered into in violation of the statute governing foreign corporations doing business in Missouri, the title to property delivered pursuant to such contract remains in the original owner, and the equities not being against it and no other law preventing, it maintains the proper action to recover such property. Roeder v. Robertson, 202 Mo. 535. If the property has been consumed or disposed of, the value thereof may be recovered. Trans. Co. v. Pullman Co., 139 U. S. 24; Pullman Co. v. Trans. Co., 171 U. S. 138; Dunlop v. Mercer, 156 Fed. 545; 28 Am. and Eng. Ency. Law (2 Ed.), 656, 716. Such value therefore is a valid indebtedness and a note given in payment of such an obligation is based upon a valid consideration. The giving and receiving of a note under such circumstances does not constitute doing business within the meaning of the foreign corporation statutes of Missouri. Tube Co. v. Riehl, 9 Pa. Sup. Ct. 220; Ins. Co. v. Sawyer, 44 Wis. 387; Tallapoosa Co. v. Holbert, 5 N. Y. App. 559; Mfg. Co. v. Ferguson, 113 U. S. 727; Bateman v. Milling Co., 20 S. W. (Tex.)

Parke, Davis & Co. v. Mullett.

931. (2) To invalidate a contract entered into within a State by a foreign corporation which is doing business in such State in .violation of the State law, it is necessary that the contract itself be and constitute a violation of such statute. Amusement Co. v. Amusement Co., 192 Mo. 404; 19 Cyc. 1289; Tube Co. v. Riehl, 9 Pa. Sup. Ct. 220. (3) Where a foreign corporation, which does business in Missouri, institutes action in a court of the State, upon a valid cause of action without first complying with the laws of the State governing foreign corporations, such suit will not be abated, nor will the right of the corporation to maintain it be affected if it complies with such laws previous to trial. Carson Co. v. Stern, 129 Mo. 381; 19 Cyc. 1301, 1303. (4) Respondent should be estopped from questioning the validity of the note sued on herein. Hensinger v. Dyer, 147 Mo. 219; Bramell v. Adams, 146 Mo. 70; Treacy v. Chinn, 79 Mo. App. 648; Alleman v. Manning, 44 Mo. App. 4; Association v. Kehlor, 7 Mo. App. 158.

*Clarence I. Spellman* and *Edward W. Taylor* for respondent.

(1) Parke, Davis & Company, a Michigan corporation, was doing business in Missouri in violation of Secs. 1024-1026, R. S. 1899, and cannot maintain an action upon the note in controversy. Amusement Co. v. Amusement Co., 192 Mo. 404; Mill Co. v. Sims, 197 Mo. 507; Roeder v. Robertson, 202 Mo. 522; Mfg. Co. v. Const. Co., 124 Mo. App. 362; Bank v. Leeper, 121 Mo. App. 688; Buggy Co. v. Priebe, 123 Mo. App. 521; Lead Co. v. Mining Co., 221 Mo. 7; Fruit Co. v. McKinney, 103 Mo. App. 304. (2) A foreign corporation incapacitated from maintaining an action because of noncompliance with our laws respecting license, cannot cure such incapacity by taking out a license after suit begins. Lead Co. v. Zinc Co., 221 Mo. 7; Thompson v. Whitehed, 185 Ill. 454; Cary-Lombard

v. Thomas, 92 Tenn. 587; Halsey v. Dramatic Co., 99 N. Y. Supp. 1124; Brewing Co. v. Peimeisl, 85 Minn. 124; Mill Co. v. Sims, 197 Mo. 507; Amusement Co. v. Amusement Co., 192 Mo. 404. (3) If a portion of the merchandise was sold in Detroit, yet if the remainder was sold in Missouri in violation of law, the note is tainted and therefore bad. In other words, where a part of the consideration entering into a promissory note is void the whole note is void. This may either be where the subject matter is contrary to statute or to public policy. Bick v. Seal, 45 Mo. App. 475; Sash Co. v. Gough, 81 Mo. App. 440; Malone v. Fidelity Co., 71 Mo. App. 1; Friend v. Porter, 50 Mo. App. 89; Buckingham v. Fitch, 18 Mo. App. 91; Mitchell v. Branham, 104 Mo. App. 480; Woolfolk v. Duncan, 80 Mo. App. 427; Patton v. Nicholson, 16 U. S. 204; Miller v. Amon, 145 U. S. 421; Penn v. Bornman, 102 Ill. 523.

BLAIR, C.—This is an action on a note instituted May 29, 1905, by Parke, Davis & Company, a Michigan corporation. An answer was filed, the averments of which elicited a reply (in 1907) wherein it was alleged, among other things, that plaintiff had not, prior to December 22, 1905, complied with the statute requiring foreign corporations to secure license before transacting business in this State; that plaintiff had divided its business into two departments, the "line department" and the "formula department;" that in the "line department" plaintiff transacted business in Missouri but in the "formula department" it did not, the business of that department being transacted at the home office in Michigan; that about one-third of the amount represented by the face of the note accrued from business transacted and goods sold and delivered in Missouri by plaintiff's branch office in Kansas City and the remainder accrued from the sale of goods by the home office in Michigan.

The reply further alleged that the whole amount represented goods sold or manufactured for corporations of which defendant was president, the assets of which were subsequently (Oct. 25, 1904) disposed of to another corporation in which defendant was a stockholder and which six months thereafter (May 3, 1905) was adjudicated a bankrupt; that defendant had executed the note in suit October 25, 1904, and that subsequent to May 3, 1905, he secured an allowance in his favor of a like amount against the bankrupt's estate and had received a dividend thereon, amount unknown. It is also alleged that defendant's agent in April, 1905, being vested with authority to act for defendant respecting the note in suit, acknowledged its validity. It is alleged that by reason of such acknowledgment and defendant's securing the allowance of his claim in bankruptcy, plaintiff refrained from proceeding against the estate of the bankrupt.

In this state of the case defendant's motion for judgment on the pleadings was sustained and plaintiff appealed. It is contended the note is valid at least in part and, if that be not true, defendant is estopped to assert its invalidity.

I. The reply, in effect, admits plaintiff was transacting business in Missouri in violation of the statute [Secs. 3039, 3040, R. S. 1909] in so far as the business of its Kansas City branch office was concerned and it follows its business was, to that extent at least, unlawful and contrary to State policy as declared by the statutes mentioned. (Zinc and Lead Co. v. Zinc Mining Co., 221 Mo. 7; Tri-State Amusement Co. v. Amusement Co., 192 Mo. 404) and every contract into which it entered in furtherance of that business was void. Plaintiff's compliance with the statute in December, 1905, did not put it in any better position. A very substantial part of the consideration of the note in suit accrued from unlawful transactions. Plaintiff contends, however, that the part

of that consideration which accrued from transactions with its home office was lawful and a recovery in this case to the extent thereof should have been permitted. This contention cannot be maintained. In case of a partial simple failure of consideration such a rule is applied, but when a part of the consideration of a note is illegal the whole is infected and the entire note vitiated. This rule has been often recognized by the courts of this State. [Sumner v. Summers, 54 Mo. l. c. 346; Cheltenham Fire-Brick Company v. Cook, 44 Mo. 29; Sawyer v. Sanderson & Thomas, 113 Mo. App. 233; Bick v. Seal, 45 Mo. App. 475.] The doctrine is universal. Mr. Daniels, in his work on Negotiable Instruments (5 Ed.), vol. I, Sec. 204 (3) says: ''When the defense is founded on illegality of consideration it is to be distinguished from a defense on the ground of a want or failure in the consideration by this peculiarity—that a partial illegality vitiates the bill or note '*in toto*,' while the partial want or failure of consideration only vitiates it '*pro tanto*.' '' [See, also, 1 Parsons's Notes and Bills, p. 217; 2 Chitty on Contracts (11 Ed.), p. 973; Bishop on Contracts (2 Ed.), Sec. 487; First National Bank v. Miller, 235 Ill. l. c. 143; Arnett v. Wright, 18 Okla. l. c. 341, 342; Oakes v. Merrifield, 93 Me. l. c. 301; McTighe v. McKee, 70 Ark. l. c. 294; O'Connor v. Kleiman, 143 Ia. l. c. 435; Wadsworth v. Dunnam, 117 Ala. 661.]

Considerations arising out of transactions opposed to good morals, public policy, the policy of the law and those violative of an express or implied statutory prohibition (Mr. Bishop's classification) are equally within the rule, as is made clear by the foregoing authorities and these: Sprague v. Rooney, 104 Mo. l. c. 358, *et seq.*; Woolfolk v. Duncan, 80 Mo. App. 421; State v. Wilson, 73 Kan. 343; Covington v. Threadgill, 88 N. C., l. c. 188, 189; Parsons on Contracts, pp. 380, 381.

In Douthart v. Congdon, 197 Ill. 349, the rule was applied in a case in which a broker moved for the allowance against the payor's estate of a note, part of the consideration of which was for broker's commissions. The payee had procured no broker's license as required by an ordinance of the city of Chicago. Recovery was denied by reason of the partial illegality of the consideration. Mr. Bishop in his work on Contracts, Secs. 547, 548, says: "The rule is, that, when a statute forbids a particular business generally, or to unlicensed persons, any contract made in such business by one not authorized, or made with a view of violating the statute, is void. Within this principle, is a sale of goods to be used in the business, from one who has knowledge of the proposed use."

The note in the present case falls within the rule stated, the reply making it clear that no other consideration moved to defendant save the sale of the goods and disclosing that at least that part of the consideration arising from sales through the Kansas City branch office was illegal.

II.   If the mere fact of entering into a contract or executing a note payable to a foreign corporation doing business in this State in violation of the statute constituted an estoppel the statute would be a nullity. [In re Comstock, 3 Sawyer, l. c. 228.] The real contention is, however, that defendant's securing the allowance in bankruptcy and receiving a dividend out of the bankrupt estate constituted an estoppel. It is insisted in this connection that the part of the consideration of the note arising out of sales (to the now defunct corporation) under the Michigan contract was and is valid. This insistence forms the real basis of the whole contention as to an estoppel. Let it be conceded (but not decided) that plaintiff's position in this respect as to the partial validity of the consideration be correct and also that defendant is estopped to deny his liability for that part of the considera-

tion arising out of lawful transactions in case suit is brought against him on his agreement to pay of which the note was the fruit. Nevertheless, as to that part of the consideration which is illegal, plaintiff's position was not changed, either by its agreement with defendant or his execution of the note. It could not have recovered, as to that, on its contract with the corporation and defendant had no legal right to any allowance against the bankrupt estate on the assignment to him of that illegal contract. As to that part of its claim plaintiff is in no worse condition, so far as its rights on the contract attempted to be assigned are concerned, than when it first accepted the note from defendant. It saw fit to substitute defendant as its debtor in the stead of the corporation which it claims contracted the debt. In so far as the debt was valid and enforceable, as such, against the corporation, defendant is as much liable to plaintiff on the agreement as he ever was. In so far as the debt arose from illegal transactions plaintiff could not have recovered against the corporation and to that extent, also, the agreement with defendant was illegal and void. It is conclusively presumed to have known of the illegality of the business it did in Missouri through its branch office, the invalidity of its account based on that business and the invalidity of its agreement with defendant to pay such account. Spellman's alleged recognition of the validity of the note amounted to nothing nor would a like recognition by defendant have amounted to more (Stanard v. Sampson, 23 Okla. l. c. 33, *et seq.*; Kennedy v. Welch, 196 Mass. l. c. 595, 596), there being a broad distinction between the power to ratify a contract in securing which mere personal rights have been infringed and those which are violative of public policy or positive law. [In re Comstock, supra, l. c. 228, 229; Mfg. Co. v. Knapp, 101 Minn. l. c. 438.] ''In such case there can be no waiver. The defense is allowed not for the sake of

the defendant, but of the law itself.'' [Sprague v. Rooney, supra.] It is not specifically alleged, for that matter, that any dividend was allowed and paid on that part of the account which was based upon unlawful transactions and there can be no presumption to that effect.

Whatever plaintiff's rights may be to recover from defendant in a different action an amount equal to that part of the consideration of the note it contends is valid, the estoppel, if estoppel there be, does not validate the illegal part of the consideration of the note and the note itself is void for illegality. The illegal consideration is still in the note. In Osborne v. Shilling, 74 Kan. l. c. 677, it was said:

''Another reason why the defendants are not estopped is that the statute was enacted for the benefit of the general public and its purpose cannot be bargained away by individuals. The regulation of foreign corporations is for the purpose of subjecting them to inspection, so that their condition, standing and solvency may be known—the same sort of inspection to which domestic corporations are subjected. Another purpose likewise intended for the protection of the public was to subject foreign corporations to the jurisdiction of the courts of the State; and an incidental purpose was to provide revenue. Involved in the statute are these public considerations, which are of greater consequence than mere individual rights. It was not for defendants' sake, therefore, that the provision was made, but it is a rule of State policy of which the defendants may incidentally take advantage.''

III. The question whether a corporation which is violating the statute prohibiting foreign corporations from transacting business in the State without complying with its requirements can recover in our courts on contracts made in the transaction of interstate business while violating the statute is not necessarily pre-

sented by this record, in the view taken of the case. The judgment is affirmed. *Roy, C.,* concurs.

PER CURIAM.—The foregoing opinion of BLAIR, C., is adopted as the opinion of the court. All the judges concur.