ROLLIN H. ALLEN *vs.* CATHERINE H. COSTELLO STEWART & others.

Suffolk.    December 2, 1912. — February 27, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Equity Jurisdiction,* To enforce charge on trust property, Laches.    *Trust,* Construction.    *Limitations, Statute of.    Guardian.    Equity Pleading and Practice,* Parties.

By the terms of a trust created by will, the net income from certain trust property, including real estate, was to be distributed among certain beneficiaries during a period of seven years, and it was provided, that, if in any of the seven years such net income should not amount to $10,000, the trustees should sell so much of the trust property as was necessary and apply the proceeds of such sales, to an amount which with the net income from the trust property for that year would make $10,000, to the payment of the annuities to the beneficiaries. At the termination of the seven years the trustees were directed to distribute the principal of the fund among certain persons.    The income from the trust property did not in any year during the continuance of the trust amount to $10,000, but the trustees did not during that period make any sale of the trust property and left such deficiencies of income unprovided for.    At the end of the seven years the trustees distributed all the principal of the trust fund and conveyed by deed to the residuary devisees named in the will all the real estate which they held as trustees.    One of the beneficiaries entitled to share in the income made a mortgage, duly recorded, of all his interest in the estate of the testator, of which the trustees and the persons who had received the trust property had notice.    The mortgagee brought a suit in equity to enforce against the trust property a charge or lien for the share of his mortgagor in the deficiencies of income which should have been made good out of such property. *Held,* that the trust property was subject to a charge for the plaintiff's claim, and that those who had received the trust estate were themselves chargeable as trustees.

In a suit in equity to enforce a charge upon real estate held in trust, it is immaterial that a part of such real estate while held by the trustee was taken for public uses, the damages received by the trustee for the property so taken having become a part of the trust property.

Neither the statute of limitations, nor a delay however long, is a bar to a suit in

equity to enforce an express trust which has not been repudiated by the trustee with the knowledge of the beneficiary.

In a suit in equity in which minors are interested parties, the guardians of such minors appointed by the Probate Court should not be made defendants.

BILL IN EQUITY, filed in the Superior Court on March 18, 1912, by the mortgagee under certain mortgages made by James F. Costello of all his interest in the estate of his father James J. Costello, to secure the payment of certain promissory notes, alleging that, under the will of James J. Costello, James F. Costello was entitled to two ninths of the annual net income of certain trust property and that in the event of such net income not amounting to the sum of $10,000 per annum he was entitled to have sufficient of the trust property sold to equal together with such income the sum of $10,000 in each year during the continuance of the trust, in which sum he was entitled to a share of two ninths; that the income of the trust property never amounted to $10,000 per year and that the trustees never by sale of trust property made up the sum of $10,000 to be annually distributed as directed by the will; that at the termination of the trust at the expiration of seven years the trustees distributed all the principal of the trust fund and conveyed by deed to the residuary devisees named in the will all the real estate which they held as trustees; that James F. Costello died on or about December 25, 1910, intestate, leaving as his sole surviving issue Mary A. Costello and Richard W. Costello; that administration never had been taken out on his estate; and that there was owing to him at his death by the trustees under the will of James J. Costello a sum in excess of $8,000 as his share in the sum of $10,000 directed to be raised annually from such trust estate.

The bill prayed, among other things, that the amount of the indebtedness of the estate of James F. Costello to the plaintiff on such promissory notes might be established and determined; that it might be declared that under the provisions of the will of James J. Costello a charge and lien on the trust property was created in favor of James F. Costello for the payment of his share in the sum of $10,000 annually to be paid as directed therein; that the amount of the arrears of such annual payments payable by the trustees under the will of James J. Costello to James F. Costello at the time of his death might be established

and determined; that it might be declared that, under the assignments and mortgages made by James F. Costello to the plaintiff, the plaintiff became entitled to the payment of sufficient of the arrears of such annual payments to satisfy his claims on such promissory notes and that he was entitled to enforce such charge on such trust property for this purpose; and that it might be declared that the charge and lien of the plaintiff were prior in time and right to a mortgage to the Liberty Trust Company, which was one of the defendants.

In the Superior Court the case was heard by *Hardy*, J., who made a finding of facts in accordance with an agreed statement presented to him by the parties, and made a final decree that the bill be dismissed with costs. The plaintiff appealed, and at the request of the plaintiff the judge made a report of material facts under R. L. c. 159, § 23. The facts necessary to an understanding of the decision of this court are stated in the opinion.

The case was submitted on briefs.

*F. D. Webster, H. S. Allen & E. F. Fish,* for the plaintiff.

*C. J. Martell,* for the defendants.

BRALEY, J. By the fourth clause of his will James J. Costello provided: "All the rest and residue of the property and estate of every name and nature, and wheresoever situated, that shall belong to me at the time of my decease, I give, bequeath and devise to my said wife, Catherine H. Costello, and my son, Joseph A. Costello, — to have and to hold the same to them and their heirs, executors, administrators and assigns: But in Trust Nevertheless to hold and manage the same for the period of seven (7) years from the time of my decease and after paying all taxes, cost of insurance, repairs and all other charges and said annuities to my brother and sister pay the net income thereof, during said period of seven years, in quarter yearly payments as follows, viz.: one-third (⅓) thereof to my wife and any child I may have by her and the remaining two-thirds (⅔) in equal shares to my three children, Frances A. Callahan, James F. Costello and Joseph A. Costello. And in case the net income of said trust property shall in any year from the time of my decease, during the term or life of said trust, not amount to the sum of ten thousand dollars ($10,000) I direct my said trustees to sell and dispose of such of the trust property, other than the property on the corner of

Cambridge and Charles Streets and the wharf property on Revere Street, near Charles Street, in said Boston, and apply the proceeds of such sale or sales, to an amount which, with the net income of said trust property shall amount to the sum of ten thousand dollars and pay said annuities and the balance to my wife and children at the time and in the proportions aforesaid.

"And on the expiration of said period of seven years, I direct my said trustees, or their successors in said trust, to pay, transfer and convey said trust property, or so much thereof as shall then be remaining, as follows: — One-third ($\frac{1}{3}$) thereof to my wife and such children as I may have by her, and the other two-thirds ($\frac{2}{3}$) in equal shares to my said three children, Frances A. Callahan, James F. Costello and Joseph A. Costello — and thereupon said trust shall cease and be ended. In case either of my said children should die during the continuance of said trust leaving issue, surviving, I direct that the income of said trust property otherwise payable to such child, shall be paid to such issue, — and on the termination of said trust, the principal of said trust property otherwise payable or belonging to such child, if living, shall be paid, transferred, and conveyed to such issue."

Manifestly James F. Costello, who survived the testator, took an equitable life estate for the term of seven years in one third of two thirds of the entire net income, which to the extent of $10,000 payable each year, was, exclusive of the excepted parcels, charged upon the land. *Taft* v. *Morse*, 4 Met. 523, 527. *Sherman* v. *Sherman*, 4 Allen, 392. *Henry* v. *Barrett*, 6 Allen, 500. *Thayer* v. *Finnegan*, 134 Mass. 62, 64, 65. *Amherst College* v. *Smith*, 134 Mass. 543. And it was the duty of the trustees, if necessary, to have sold enough annually to produce the required amount, and to have distributed it in accordance with the provisions of the will. The defendants admit, that although the net income proved insufficient, no portion of the land ever was converted, and at his decease before the period expired, there was due to James F. under the trust even if he left issue, a sum equal at least to the amount stated in the eighth paragraph of the bill.*

By a conveyance duly recorded, and conceded to be valid, James F. mortgaged all his right and title to the plaintiff. The

---

* The amount thus alleged to have been due from the trustees to James F. was "a sum in excess of $8,000."

agreed facts state that after his death, and before the filing of the bill, the trustees then in office, with actual notice of the plaintiff's title, settled their accounts in the court of probate, and made a final distribution of the trust property to the residuary devisees and legatees, who, with the share received by each, are named in the ninth paragraph of the bill. But the trust had not been terminated while the arrearages of income remained undischarged, and those of the defendants who have received the trust estate are themselves chargeable as trustees. *Otis* v. *Otis,* 167 Mass. 245. *Andrews* v. *Tuttle-Smith Co.* 191 Mass. 461, 468. *Atkins* v. *Atkins,* 195 Mass. 124, 131. *Sargent* v. *Wood,* 196 Mass. 1.

The mortgage to the defendant trust company given by them, having been taken with notice of the plaintiff's claims, is not entitled to priority, but must be ranked as a junior incumbrance. *Nudd* v. *Powers,* 136 Mass. 273. *Wenz* v. *Pastene,* 209 Mass. 359.

It is immaterial that before distribution a portion of the lands had been taken for public uses. Upon conversion the damages received by the trustees became a part of the body of the trust. *Holland* v. *Cruft,* 3 Gray, 162, 180. *Thissell* v. *Schillinger,* 186 Mass. 180.

Nor is the defense of laches available although pleaded and insisted upon by the defendants. Where there is an express trust, neither the statute of limitations, nor a delay which otherwise might be found to have been unreasonable, is a bar to equitable relief so long as the trustee has not repudiated the trust with knowledge of the beneficiary. *Davis* v. *Coburn,* 128 Mass. 377. *Greenfield Savings Bank* v. *Abercrombie,* 211 Mass. 252, 259.

The result is, that the plaintiff can maintain the bill as against all the defendants except the probate guardians, who should not have been joined. *King* v. *Stowell,* 211 Mass. 246, 251, 252. If the defendants do not redeem, the plaintiff is entitled to have the land sold in satisfaction of his demands. *Lydon* v. *Campbell,* 204 Mass. 580, 586. But the form and details of the decree are to be settled in the Superior Court.

The decree appealed from must be reversed as to all the defendants except Catherine H. Costello Stewart, guardian of Helene M. Costello, and Elizabeth W. Costello, guardian of Mary A. Costello and Richard W. Costello. As to them it is affirmed with costs.

*Ordered accordingly.*