HARRIS LIVERMORE & others, each a trustee, *vs.* HARRIS LIVERMORE & others.

Suffolk.    October 18, 1918. — November 25, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Devise and Legacy. Trust,* Administration.

A testator by his will disposed of the residue of his estate as follows: "All the rest of my property I give devise and bequeath to my four children above named, in equal shares, to be held by each of them during his or her life respectively, in trust, with power, at his or her discretion to sell any or all of the same and reinvest the proceeds thereof on the same trust in marketable income paying securities, or real estate, and the income of said share and proceeds, to receive and have for his or her own use during life. After the decease of each

of my said children whether surviving me or not, I give devise and bequeath his or her said share of my property to his or her issue *per stirpes,* as said issue would inherit from him or her intestate under the laws of Massachusetts." Each of the four children was appointed a trustee and qualified as such. *Held,* that each of the testator's children held one quarter of the residue in trust, with unlimited powers of sale and reinvestment, to pay the income to himself or herself during his or her life with a remainder to his or her issue *per stirpes,* and that the trustees together could give a good title to real estate of the testator held by them in common without obtaining a license from the Probate Court. One of the trustees referred to above bought with the proceeds of personal property received by him as trustee a parcel of real estate, which was conveyed to him as trustee, and he *was instructed* by this court that he held this purchased real estate as trustee and not individually.

BILL IN EQUITY, filed in the Supreme Judicial Court on June 26, 1918, by the four children, three sons and one daughter, of Thomas L. Livermore, late of Boston, each as a separate trustee under the will of Thomas L. Livermore, who died on January 9, 1918, against themselves individually and against the children of each of them, praying for instructions upon the following points:

"1. Is the title of the plaintiffs as trustees in said real estate a title in fee simple or a life estate?

"2. What is the legal title of the plaintiffs as trustees in said real estate?

"3. Have any of the defendants other than the plaintiffs any legal title in said real estate?

"4. Have the plaintiffs as trustees the right and power under the circumstances and for the purposes set out in this bill, and under the terms of said will, to sell said real estate and give title to the same to the purchaser in fee simple, without obtaining leave from the Probate Court so to do?"

The plaintiff Robert Livermore, trustee, also prayed for separate instructions on the following points:

"1. Is the estate of said Robert in said after acquired real estate a fee simple or a life estate?

"2. What is the legal title of said Robert as trustee in said after acquired real estate?

"3. Have any of the three defendants mentioned in the fifth paragraph of this bill [the three children of Robert] any legal title in said after acquired real estate?

"4. Has said Robert as trustee the right and power under the circumstances and for the purposes set out in the fifth paragraph

of this bill, and under the terms of the residuary clause of said will, to sell and convey said after acquired real estate, and to give title to the same in fee simple, without obtaining leave of the Probate Court so to do?"

The case came on to be heard before *Loring*, J., who reserved it for determination by the full court.

The case was submitted on briefs.

*W. G. Thompson & R. Spring,* for the four children of the testator, individually.

*R. M. Johnson,* for the defendant Bulkeley Livermore Wells, of age, and *pro se* as guardian *ad litem* of the minor defendants.

BRALEY, J.  The testator, after making certain specific bequests to his daughter and to his sons, disposed of the remainder of his estate as follows, "All the rest of my property I give devise and bequeath to my four children above named, in equal shares, to be held by each of them during his or her life respectively, in trust, with power, at his or her discretion to sell any or all of the same and reinvest the proceeds thereof on the same trust in marketable income paying securities, or real estate, and the income of said share and proceeds, to receive and have for his or her own use during life.  After the decease of each of my said children whether surviving me or not, I give devise and bequeath his or her said share of my property to his or her issue *per stirpes*, as said issue would inherit from him or her intestate under the laws of Massachusetts."

The children, who are the plaintiffs, have been severally appointed trustees by the court of probate and, being tenants in common of certain real estate of which the testator died seised in fee simple, they ask for instructions defining their title and powers. The purpose of the testator is manifest.  The property is devised and given "in trust," and his intention being certain and the language sufficient, a valid testamentary trust is created.  *O'Brien* v. *Lewis,* 208 Mass. 515.  *Sawyer* v. *Cook,* 188 Mass. 163, 165.  The words "during his or her life" relate to the duration of the trust, which as to each one quarter part is limited to the life of the respective beneficiaries.  The clause is to be construed as if the testator had devised and bequeathed the residue to trustees to divide the net income equally among his four children, if they survived him, and upon the death of any child to pay over to his or her issue, to

be ascertained as a class, one quarter part of the principal. *Worcester Trust Co.* v. *Turner*, 210 Mass. 115, 122, 123. The trustees are empowered to sell the whole or any portion of the trust property, and to reinvest the proceeds, and they are not required if a sale is made to obtain a license from the court of probate before the purchaser can obtain a valid title. *Penniman* v. *Sanderson*, 13 Allen, 193. *Bremer* v. *Hadley*, 196 Mass. 217.

It appears that one of the plaintiffs with funds received by him as trustee from the executors as part of the proceeds of some of the personal property has bought and taken a conveyance to himself as trustee of a parcel of real property. He is instructed that he holds this real estate as trustee and not individually. The trustees are given an unlimited power of sale and of reinvestment which covers not only the property left by the testator, but property of every description thereafter acquired by them through investment or reinvestment. *Jordan* v. *Jordan*, 192 Mass. 337. It is not limited to the realty but includes the remainder of the personal property. The money received from the executors having become a part of the trust funds, the real estate into which the money has been converted is impressed with or subject to the trust, and is to be administered as part of the principal. *Thissell* v. *Schillinger*, 186 Mass. 180, 185. *Allen* v. *Stewart*, 214 Mass. 109, 113. *Whitman* v. *Huefner*, 221 Mass. 265.

A decree is to be entered that the plaintiffs as trustees have full authority in the exercise of a sound discretion to sell the real estate or any of the personal property, and to invest and reinvest the proceeds "in marketable income paying securities, or real estate," and that the real estate purchased by one of the plaintiffs, having been bought with trust funds, is held by him subject to the trust.

*So ordered.*