HANSON & WILLADSEN COMPANY, PLAINTIFF, APPELLANT, v. FRANK
CREASON ET AL., DEFENDANTS, RESPONDENTS.[*]

Kansas City Court of Appeals.   April 30, 1928.

*Corpus Juris-Cyc References: Corporations, 14aCJ, section 4153, p. 1422, n. 63; Pleading, 31CJ, p. 399, n. 83.

*Lavelock, Kirkpatrick, Garner & Clark* for appellant.

*L. E. Bates* for Richmond Construction Company.

WILLIAMS, C.—This is a suit in equity and comes to us on an appeal from the circuit court of Ray county.   Plaintiff brings suit to foreclose a chattel mortgage.

No question is made as to the pleadings except as hereinafter will appear.

The evidence shows that plaintiff, a foreign corporation, had been in business in St. Joseph, Missouri, for some time before this suit was instituted. and had a sewer contract in the city of St. Joseph on which they had been working for about a year.   The general nature and business of the corporation, as shown by its articles, was to grade and build drainage ditches, sewers and systems for carrying water, and had power to buy and sell at wholesale and retail, machinery equipment which was necessary to use in the conduct of

the business for which it was formed. No license was obtained by this corporation to transact business in Missouri.

The mortgage in question was executed on the 24th day of July, 1925, and purported to secure indebtedness evidenced by notes. These notes were dated on the 23rd day of July, 1925. The total indebtedness, as shown by the mortgage, was $6500. This mortgage was filed for record on the 25th day of July, 1925, in the recorder's office of Jackson county, Missouri at 9 o'clock A. M. On the 22nd day of July, 1925, plaintiff and one Dawson, a defendant who did not appear at the trial, entered into a contract whereby Dawson became purchaser of the property which was covered by the mortgage. According to the president of the company, the contract between plaintiff and Dawson constituted the entire contract. This contract of purchase was executed two days before the chattel mortgage was executed.

Dawson entered into a contract with the Richmond Construction Company for the sale of this property. This contract also was made before the mortgage attempted to be foreclosed, was executed. The machinery covered by the mortgage, was loaded on the cars at St. Joseph for shipment to Richmond under the sale to the Richmond Construction Company also before the mortgage was executed.

The judgment went against the plaintiff and the chancellor found that there was no equity in plaintiff's bill and the bill was dismissed, and plaintiff, after an unsuccessful motion for a new trial, brings the case here on appeal.

The first point made by appellant is that the court erred in permitting the defendant to amend their answer during the trial. The point may be made clear by a recital of what took place as shown by the record.

During the progress of the trial the attorney for defendant asked permission to amend the answer by alleging that plaintiff was a foreign corporation doing business in the State without a license. The court ruled that the amendment would have to amend "on terms." It was stated by the attorney for plaintiff that they did not want a continuance, and the terms of amendment suggested by plaintiff were:

". . . Plaintiffs are willing to proceed with the trial if the amendment is made, provided this copy of the charter of plaintiffs may be introduced in evidence as a part of plaintiffs' proof, to meet the new issues raised by the amendment."

These terms were met and the amendment was allowed. We think under this state of the record the judge did not abuse his discretion and the amendment only added another defense, and was not violation of section 1274, Revised Statutes 1919, and thus without discussing the questions of waiver.

882

It is next urged that the court erred in holding that the plaintiff was "doing business" in Missouri. This question is not easy of solution. The mortgage taken by plaintiff recites that it was doing business in the city of St. Joseph. The evidence shows that for practically a year, plaintiff had been located in St. Joseph. It had power, under its charter, to deal in this machinery. While it is true that an isolated case is not enough to fall under the legal term "doing business" (Parker v. Wear, 230 S. W. 75, and Linotype Co. v. Hays, 182 Mo. App. 113), still the facts in this case are very similar to the case of Kelly Broom Co. v. Mo. Fidelity & Casualty Co., 195 Mo. App. 305. The court in that case held that the Broom Company was doing business in Missouri. Again in the case of Park Davis & Co. v. Mullet, 245 Mo. 168, l. c. 172, the Supreme Court of the State said:

"The reply, in effect, admits plaintiff was transacting business in Missouri in violation of the statute (secs. 3039, 3040, R. S. 1909) in so far as the business of its Kansas City branch office was concerned and it follows its business was, to that extent at least, unlawful and contrary to State policy as declared by the statutes mentioned (Zinc & Lead Co. v. Zinc Mining Co., 221 Mo. 7; Tri-State Amusement Co. v. Amusement Co., 192 Mo. 404) and every contract into which it entered in furtherance of that business was void."

We think in view of the long time the company had been in business in St. Joseph, and its articles, it was in the furtherance of its business and under the facts was "doing business" in Missouri.

What we have said disposes of the additional point made by the appellant that the finding and judgment are unsupported by the evidence, and are against the law and the evidence.

The judgment is affirmed. *Frank, C.,* concurs.

PER CURIAM:—The foregoing opinion by WILLIAMS, C., is adopted as the opinion of the court. *Bland* and *Arnold, JJ.,* concur; *Trimble, P. J.,* absent.