HENDERSON, NEE DUNSTAN, ET AL., *v.* HENDERSON ET AL.

[Cite as Henderson v. Henderson, 15 Ohio Misc. 276.]

(No. 19724—Decided April 19, 1968.)

Common Pleas Court of Paulding County.

*Messrs. Hyman & McMaster*, for plaintiffs.
*Mr. John F. DeMuth*, as *guardian ad litem*, for defendants.

Hitchcock, J.   Marguerette Finegan died testate October 23, 1944, leaving the one hundred fourteen (114) acres described in the petition to her son for life.   He died June 6, 1963.   Thereupon the following words from her will took effect:

"Item VI: * * * After the decease of my son, John Ralph Dunstan, Sr., I give and devise said remainder of my real estate to my grandchildren, John Ralph Dunstan, Jr., and Mary Catherine Dunstan, for and during the term of their natural life and after the death of my said grandchildren, Mary Catherine Dunstan and John Ralph Dunstan, Jr., I give and devise said real estate to the children of my said grandchildren, Mary Catherine Dunstan and John Ralph Dunstan, Jr., absolutely and in fee simple."

Testator's two named grandchildren are her only grandchildren and have survived both her and her son, John Ralph Dunstan, Sr., their father.   They are also the plaintiffs to this action to sell said real estate under the authority of Section 5303.21, Revised Code.

Both plaintiffs are married and both had, at the commencement of this action on December 1, 1967, minor children (all under thirteen years of age) living and all of whom were made parties defendant herein, to wit: (1) Children

of Mary Catherine Henderson: James Edward Henderson, Jr.; Deborah Ann Henderson; and Charles William Henderson. (2) Children of John Ralph Dunstan, Jr.: Jo Ellen Dunstan; John Ralph Dunstan, III; Jeffery Verl Dunstan; and Jacquelyn Sue Dunstan. John Ralph Dunstan, III, has recently died and his personal representative has been substituted as party defendant. A *guardian ad litem* has answered for said minor defendants and made the usual request that the court carefully scrutinize this action and require strict proof of all matters affecting said minor children.

When John Ralph Dunstan, Sr., died on June 6, 1963, all of the above named minor children of testator's two grandchildren, plaintiffs herein, were alive. Applying the rule of interpretation favoring vesting of remainders at the earliest moment justified by the language used would distribute an undivided half in remainder to the eligible children upon the death of the first life tenant, and another undivided half upon the death of the survivor.

Opposed to this rule is the one requiring wills to be interpreted so as to give effect to the clear intention of the testator and to use words in their sense and meaning as gleaned from established precedent. The court has no doubt that it was the testatrix's intention here that her lands should not be disturbed so long as either of her grandchildren were living. The court knows that this will was drawn by exceptionally able and astute counsel and has much reason to suspect that it was dictated by the testatrix against his advice and counsel. Consequently, the words ''during the term of their natural life'' will be interpreted to mean during the joint lives of the brother and sister and during the life of the survivor. See *Douglas* v. *Parsons* (1872), 22 Ohio St. 526; *Dowe* v. *Doyle* (1840), 103 Mass. 489, and *Smith* v. *Oakes* (1844), 14 Sim. V. Ch. Rep. (Eng.) 489. It is noted that the language here is quite different from that used in *Livermore* v. *Livermore* (1918), 231 Mass. 293, 121 N. E. 27, where testator devised property in trust to his four children ''for their use for life and after the decease of each of my said children, whether

surviving me or not, I give, devise and bequeath his or her share of my property to his or her issue, per stirpes, as said issue would inherit from him or her, intestate, under the laws of Massachusetts."

Consequently, I hold that upon the death of their father, the first life tenant, plaintiffs acquired the equivalent of a joint tenancy for life, followed by a full life estate in the survivor. On this same day the children mentioned as original defendants became owners of a vested remainder in fee, subject to be partially divested or opened up, depending upon the number in the class entitled to take upon the death of the surviving life tenant.

In this action the pertinent words from Section 5303.21, Revised Code, are:

"In an action by the tenant * * * for life * * * courts of common pleas may authorize the sale of any estate * * * created by will * * * when satisfied that such sale would be for the benefit of the person holding the first and present estate * * * and do no substantial injury to the heirs in * * * remainder. This section does not extend to estates in dower."

The full substance of the present code provisions were first enacted by the General Assembly in three acts dated April 4, 1859; March 30, 1864; and April 13, 1865. See 56 O. L. 156, 61 O. L. 80, and 62 O. L. 184. Consequently there are no constitutional barriers to this action. *Judy* v. *Trollinger* (1924), 110 Ohio St. 576.

Clear and convincing proof has been offered that the life tenants are not able to directly utilize this land which is valuable farm land; that it is in need of substantial and costly improvement to its drainage facilities for optimum profitability; that by reason of the state of the title the life tenants are unable to borrow the money necessary to improve the drainage system; and that without drainage improvement they can not rent the land to best advantage. Consequently, the court finds that it would be to the benefit of the life tenants to have the land sold.

This the statute authorizes provided said sale will do no substantial injury to the heirs in remainder, which

the court so finds. Mary Catherine Henderson was born March 27, 1935, and John Ralph Dunstan, Jr., was born February 20, 1937. Both presently appear to enjoy excellent health. Consequently it would appear proper to apply the standard statutory six per cent (6%) formula for determining the present worth of a life estate for the combined lives of the two life tenants here.

Utilizing the figures required by Section 2131.01, Revised Code, and found in Ohio Probate Law, Merrick—Rippner, 1967, under "Mortality Tables: 1. Present Value Table for Computing Life Estates, Life Annuities and Vested Dower (Based on American Experience Tables)" we find in the six per cent (6%) column opposite the age in years of 31 (the age in years of the youngest life tenant) the number 14.239. Multiplying this figure times six per cent (6%) of the net sale proceeds will determine the portion to be equally divided between plaintiffs, the balance will be placed in trust under instructions from the court pursuant to the provisions of Sections 5303.26 through 5303.31, inclusive, Revised Code. The court is aware that this computation differs from that required by Tax Regulation 20,2031.7 governing life estate values in federal tax matters.

The court finds that the proceeds to which the remaindermen are entitled must be accumulated in trust until the death of the surviving plaintiff herein, by reason of the words of the will, Section 5303.26 and Sections 2131.01 and 2131.04 through 2131.06, inclusive, Revised Code.

An appropriate journal entry authorizing sale of mentioned land may be prepared. When net proceeds are determined suitable and proper orders for distribution to plaintiffs and in trust for the remaindermen will be made.