EXCHANGE TRUST COMPANY, trustee, *vs.* FLORENCE M. DOUDERA.

Suffolk.    January 6, 1930. — January 28, 1930.

Present: RUGG, C.J., CROSBY, CARROLL, FIELD, & SANDERSON, JJ.

*Negligence,* Of trustee.    *Trust,* Accounting by trustee, Trustee's negligence.    *Probate Court,* Findings by judge.

Upon evidence, taken by a stenographer appointed under G. L. c. 215, § 18, as amended, at a hearing in a probate court upon an account of a trustee under a will which gave the trustee power to sell real estate belonging to the trust, that the trustee sold the land and buildings for a certain sum; that the property was worth more than that sum; that the trustee did not make proper efforts to attract buyers by advertising in newspapers or by placing signs on the premises; and that the property could have been sold for a larger price if the trustee had made reasonable efforts, it could not be said that a finding of negligence on the part of the trustee was clearly wrong, although there also was evidence that the property was in a run down condition; that it lacked many modern improvements; that it was difficult to secure tenants for it; that apartments in the buildings frequently were vacant; that it would require a considerable outlay to put the property in shape; that the best price the trustee could obtain was the selling price received; and that the selling price was greater than the inventory value placed upon it at the time of the trustee's appointment four years previous to the sale; and a decree entered after the hearing above described, charging the trustee in his account with a certain sum as the difference between the sale price received by him and the amount which he should have received "save for . . . [his] negligence," was affirmed.

PETITION, filed in the Probate Court for the county of Suffolk on May 13, 1927, for the allowance of the first account of Exchange Trust Company, trustee under the will of Paul Abel, late of Boston.

The petition was heard by *Dolan,* J., a stenographer having been appointed under G. L. c. 215, § 18, as amended. Material evidence and a decree entered by order of the judge are stated in the opinion. The petitioner appealed.

*C. C. Barton,* (*G. W. Tibbetts* with him,) for the petitioner.

*J. J. Donahue*, (*C. J. Redmond* with him,) for the respondent.

CARROLL, J. This is an appeal by the trustee under the will of Paul Abel from a decree of the Probate Court charging it with $7,500 on its first account — the "difference between the amount actually received from the sale of real estate and the amount which should have been received save for the negligence of the accountant in the administration of the trust and in the conduct of the sale."

The trustee was appointed May 20, 1916, succeeding a former trustee, one Fotch, deceased. The will gave power to the trustees to sell at public or private sale "at their discretion" the real estate or any part thereof and to pay the net rents and income to the wife of the testator during her life and at her decease "to sell the property and real estate then remaining and divide the proceeds" among the parties mentioned in the will. The real estate in question was on Lamartine Street, Jamaica Plain, near the New York, New Haven and Hartford Railroad location. The buildings were of wood and consisted of a barn, two double three-tenement houses, and a house with a store on the ground floor and two apartments overhead. The apartments each had four or five rooms, mainly heated with stoves, and with comparatively no modern improvements. When the testator died in 1904, the real estate was appraised at $27,500, subject to the mortgage of $12,000. In the inventory filed by the present trustee it was appraised at $18,000, subject to a mortgage of $12,000. It was sold in 1920 for $20,000.

There was evidence tending to show that the property was in a run down condition; that it was difficult to secure tenants for it; that the apartments were frequently vacant; that it would require considerable expense to put the property in shape and it was a wise discretion to sell it; and that the best price the trustee could obtain was $20,000. There was also evidence that in 1920, when the property was sold, real estate in the locality where it was situated was increasing in value; that the fair market value of the property was from $30,000 to $32,000.

The trustee had the power to make the sale. It can be

held accountable for an amount larger than that actually received only when it acts in bad faith or fails to exercise reasonable skill, prudence and judgment. *Kimball* v. *Whitney*, 233 Mass. 321. *Boston Safe Deposit & Trust Co.* v. *Wall*, 254 Mass. 464. *State Street Trust Co.* v. *Walker*, 259 Mass. 578. There was no evidence of bad faith. But there was evidence sufficient to support a finding that the trustee in selling the property for $20,000 did not exercise proper diligence; and that by failing to use proper care to obtain the best price it did not use sound judgment and a wise discretion or act as men of prudence and intelligence would act in their own affairs.

The findings of the judge are to stand unless clearly wrong. The case is close. It could have been found, considering the location of the property, its state of repair, the difficulty in renting, and all the circumstances, that it was sound judgment to sell the property and that the best offer the trustee obtained was $20,000. But these facts were disputed. It could have been found that the property was worth more in the market than $20,000; that with reasonable efforts it could have been sold for a larger price; that the accountant did not take proper efforts to attract buyers by appropriate advertisement in newspapers or by placing "for sale" signs on the premises; that sound judgment and a wise discretion were not used by the trustee. The judge heard the witnesses; he could draw proper inferences from the evidence, and we cannot say that he was clearly wrong in deciding that the trustee was negligent in the administration of the trust. *State Street Trust Co.* v. *Walker*, *supra*, at page 583. There is nothing in the Massachusetts authorities cited by the appellant in conflict with the well settled principle that a trustee in the management of his trust is bound to use good faith and to exercise the diligence, sound discretion, and wise judgment of a prudent man in dealing with his own affairs. There was evidence to support the finding.

*Decree affirmed.*