JOHN E. LUKEY, executor, *vs.* JEANNETTE I. PARKS.

Middlesex. April 4, 1932. — May 19, 1932.

Present: RUGG, C.J., CROSBY, WAIT, SANDERSON, & DONAHUE, JJ.

*Equity Pleading and Practice*, Demurrer, Amendment into action at law. *Trust*, Validity. *Gift. Wills, Statute of. Practice, Civil*, New trial.

Allegations of a bill in equity by the executor of a will against a daughter of the testator were in substance that an arrangement had been made between the testator and the defendant whereby he changed accounts of his in savings banks into the joint names of himself and the defendant, upon the conditions that the money should continue to belong to the testator and to be in his exclusive control during his lifetime, and that at his death the defendant should take the money as trustee for payment of his debts, charges and expenses and the distribution of the balance in accordance with the terms of his will. The plaintiff by the bill sought to enforce such trust. A demurrer of the defendant to the bill was sustained on the ground that the

gift was void, being intended to take effect only on the death of the donor and thus being obnoxious to the statute of wills, and an interlocutory decree was entered to that effect, from which no appeal was taken; but on motion of the plaintiff the suit was amended into an action at law with a declaration in which the plaintiff alleged that the defendant owed the plaintiff as executor of the will of his father a stated sum for money had and received by the defendant to the plaintiff's use, with interest thereon. At the trial of the action at law there was evidence warranting a finding that at the time the defendant's name appeared as joint owner of the accounts the ownership and exclusive control were no longer in the testator but in the joint owners, subject, however, to a trust agreement that any money which the defendant might receive as survivor should be paid to the executor of the testator's will. *Held*, that there was such a material difference between the allegations of the bill in equity and the facts which the jury might have found upon the evidence at the trial of the action at law that the interlocutory decree sustaining the demurrer in the suit in equity was not decisive of the defendant's rights at the hearing on the merits in the action at law.

Where a father caused two savings bank accounts to be transferred to an account in the name of himself and a daughter as joint owners with joint control and payable on the death of either to the survivor of them, the daughter having possession of the bank books and agreeing at the time of the transfer that upon her father's death she would pay the money received by her from the joint accounts to the executor of his will, a trust was created, enforceable after the father's death in an action at law by the executor for money had and received.

Such trust was not in violation of the statute of wills.

Such trust was valid and enforceable even if there was a consideration running from the daughter for the creation of the joint accounts.

At the trial of an action of the character above described, the defendant contended and introduced evidence to prove that she paid certain expenses of her father's estate out of the proceeds of the joint accounts. There also was evidence that on the date of her father's death the defendant had stated to her brother and sisters that her father had not left any money or joint accounts with her. The defendant presented no request for ruling concerning the alleged payments by her, and made no objection to the judge's charge, which contained no reference to them. After a verdict for the plaintiff the defendant moved that the verdict be set aside on the ground that the jury had not credited her with such payments. The motion was denied. *Held*, that the motion was addressed to the discretion of the judge and its denial disclosed no reversible error.

BILL IN EQUITY, filed in the Superior Court on December 27, 1928.

The allegations of the bill are described in the opinion. The plaintiff by the bill sought to enforce the trust described in such allegations.

After the sustaining of a demurrer to the bill, the plaintiff under leave of court amended into an action at law.

The action then was tried before *Greenhalge*, J. Material evidence is stated in the opinion. There was a verdict for the plaintiff in the sum of $2,905.77. The defendant alleged exceptions.

*A. W. Blakemore*, for the defendant.

*W. E. Clapp*, for the plaintiff.

SANDERSON, J. These proceedings were begun by a bill in equity, to which the defendant demurred, and an interlocutory decree sustaining the demurrer on the ground that the gift was void, taking effect on the death of the donor and so obnoxious to the statute of wills, was entered with leave to amend into an action at law. No appeal was taken from this decree, but on motion of the plaintiff the suit was amended into an action at law.

The plaintiff's testator, John I. Lukey, died November 8, 1928, leaving four children, John E. Lukey, who is the executor, Bessie E. Prior, Florence R. Burton, and the defendant Jeannette I. Parks. The bill stated, in substance, that in July, 1922, the testator told his daughter, Mrs. Prior, that he had certain bank accounts in which he desired to make her joint owner and he went with her to the banks and had them changed so that they stood in the names of the testator and of Mrs. Prior; that on or about March 3, 1923, he told her that by his will he had devised to her the homestead and contents; that he had made another devise and some small pecuniary legacies to his children, with the residue to his grandchildren; that his purpose in making her a joint owner of the accounts was that she would act as trustee of the money at his decease and on the condition that it should continue to be his money and in his exclusive control during his lifetime, but that at his death the money coming into her possession should be used in trust for the purpose of paying debts, charges and expenses and to distribute the rest of the money in accordance with the terms of the will which he had made, to all of which terms and conditions Mrs. Prior assented and agreed; that in pursuance of that agreement the ac-

counts remained in their joint names until August, 1926; that in July, 1926, he revoked the will previously made and executed the will admitted to probate, and in August, 1926, he caused the name of the defendant, Mrs. Parks, to be inserted in the place of that of Mrs. Prior in the two bank accounts; that he made the same arrangement with Mrs. Parks that he had made with Mrs. Prior, and the same agreements were made concerning the funds in the banks; that the funds drawn from the joint accounts by the defendant after the testator's death were impressed with a trust to collect, pay and distribute the same in accordance with the terms of the testator's will; that he used the method of a joint account with the defendant as a matter of convenience to effect a distribution in accordance with the terms of the will consistent with his own methods; and that the defendant accepted his dictates for the purposes stated by him.

The declaration in the action at law alleges that the defendant owes the plaintiff as executor of the will of his father a stated sum for money had and received by the defendant to the plaintiff's use, with interest thereon.

A material difference between the allegations of the bill and the facts which the jury may have found upon the evidence is that the bill states that the arrangement for the joint accounts was made upon the condition that the money should continue to belong to the testator and to be in his exclusive control during his lifetime, while upon the evidence the jury could have found that at the time the defendant's name appeared as joint owner the ownership and exclusive control were no longer in the testator but in the joint owners, subject, however, to a trust agreement that any money which the defendant might receive as survivor should be paid to the executor of the testator's will. This in and of itself is a sufficient reason why the interlocutory decree sustaining the demurrer is not decisive of the defendant's rights at the hearing on the merits. Other reasons which might lead to the same result need not be considered.

Under the charge the jury were permitted to find for the plaintiff only in case they found that there was an agree-

ment entered into between the defendant and the deceased at the time the transfer was made that upon his death she should pay the money to the executor.

At the conclusion of the evidence the defendant filed a motion for a directed verdict, which was denied. She also filed requests for rulings, all of which, except the second, were denied. When the jury returned with its verdict for the plaintiff, the judge reserved leave under the statute to order entered a verdict for the defendant, and the defendant thereafter filed a motion for the entry of such verdict; this also was denied. To all of these denials the defendant excepted.

In 1922, upon the death of his wife, the testator caused two accounts in Malden banks, which had been in the joint names of himself and wife, to be continued in the joint names of himself and Mrs. Prior, who was then living with him. In 1926, when Mrs. Prior left his home and the defendant came to live with him, he caused the same accounts to be transferred to the joint names of himself and the defendant, payable to either or the survivor. The record states that the "bank books were shortly after the change of ownership delivered by the testator to Mrs. Parks," who kept them and had them in her possession until she withdrew the money on November 8, 1928. If a valid transfer of title took place when the joint accounts between the testator and the defendant were opened, the trust imposed upon such part of the fund as should come into the possession of the defendant as survivor would not be in violation of the statute of wills. See *Jones* v. *Old Colony Trust Co.* 251 Mass. 309, 313; *Brine* v. *Parker*, 271 Mass. 86; *Hale* v. *Wilmarth*, 274 Mass. 186, 189.

The jury could have found that the arrangement with Mrs. Prior to pay the money received by her to the executor of the testator's will was made at the time the savings bank books were changed to the joint names of herself and her father. Upon her testimony that the same arrangement was made with the defendant the jury could have found that the agreement with her was contemporaneous with the creation of the joint title and not subsequent thereto.

An agreement entered into at the time the transfer was made that upon the testator's death the defendant should pay the money received by her on the joint accounts to the executor of the testator's will would be a trust sufficiently definite to be enforceable. If such a trust was created it would not be destroyed by the fact, if it be a fact, that there was consideration for the creation of the joint accounts.

The record states that the defendant paid $561 for the benefit of the executor out of the proceeds of the joint accounts. A motion was made that the verdict be set aside as against the law and the evidence and because the jury had not in their verdict credited the defendant with the payment of bills for the benefit of the estate. On the date of her father's death the defendant stated to her brother and sisters that her father had not left any money or joint accounts with her. She also stated in answers to interrogatories that she closed both accounts on the day of the death of her father because she had to use the money in defraying hospital, doctors', nurses', undertaking and funeral expenses. It was shown that five out of six checks produced to pay expenses were checks of her husband, although immediately repaid to him by her out of the new account which she had opened with this money. The defendant presented no request for ruling concerning the alleged payments by the defendant, nor was objection made to the charge, which contained no reference to them. In this state of the record and the evidence, we think that the motion to set aside the verdict was addressed to the discretion of the judge and in its denial we find no reversible error.

*Exceptions overruled.*