WALTER J. BERRY, administrator, *vs.* MATILDA CATHERINE
KYES, administratrix.

Suffolk.    May 4, 22, 1939. — September 14, 1939.

Present: FIELD, C.J., QUA, DOLAN, COX, & RONAN, JJ.

*Trust,* Discretionary powers of trustee, Use of principal, Constructive,
    Proceedings to enforce trust, Beneficiary, What constitutes. *Fraud.*
    *Equity Jurisdiction,* Suit to enforce trust. *Equity Pleading and Prac-*
    *tice,* Parties. *Husband and Wife. Gift.*

Evidence respecting payments exhausting the principal of a trust fund,
    made by the trustee to a life beneficiary during seven years, did not
    require a finding that they were procured through fraudulent repre-
    sentations by the beneficiary to the trustee or were in excess of the
    trustee's full discretionary power to make such payments.
The administrator of the estate of a beneficiary of a trust had no right
    to require an accounting in equity by the administrator of the estate
    of the beneficiary's wife to whom, it was alleged, he had paid principal
    of the trust which he fraudulently had induced the trustee to pay
    him, where it appeared that by the provisions of the trust principal
    unpaid at his death was to be paid to other parties.
The administrator of the estate of a wife who survived her husband
    was under no duty to account to the administrator of his estate re-
    specting property standing in her name or their joint names after his
    death and not shown not to have been a gift to her from him.

PETITION IN EQUITY, filed in the Probate Court for the
county of Suffolk on February 19, 1938.

After a hearing by *Mahoney,* J., the petition was dis-
missed. The petitioner appealed.

*S. R. Wrightington,* (*F. M. Carroll* with him,) for the
petitioner.

*W. F. McDonough,* for the respondent, submitted a brief.

RONAN, J. This is a petition for an accounting, brought
by the administrator of the estate of Walter M. Berry
against the administratrix of the estate of Mary F. Berry,
who was the wife of Walter M. Berry. The parties were
married on February 18, 1917. Berry had been retired as
a police officer in 1907 and had received a pension of $50

a month until his death on August 1, 1933. He had been employed from November, 1920, until July, 1932, as a collector for a furniture company, receiving from $20 to $25 a week, together with an allowance for the use of his automobile. Mrs. Berry at the time of her marriage was engaged in conducting a lodging house. They had no children. Berry was survived by his wife and three children by a former marriage. Mrs. Berry never took out any administration on her husband's estate. She died March 23, 1937.

The petitioner contended that Walter M. Berry, by means of false representations, induced the trustee under the will of his mother to pay him all the principal of a trust created by her for his benefit; that such payment constituted a breach of the trust; that the wife received these trust funds; that certain savings bank deposits and coöperative bank shares, some in the joint names of the husband and wife and some in her name alone, are the property of the estate of the husband; and that the estate of the wife is liable by reason of her intermeddling with the assets of her husband's estate without having been appointed administratrix of it. The petitioner appealed from the dismissal of the petition by the Probate Court.

We have a full report of the evidence, which is both oral and documentary. The judge made no findings of material facts but his decision dismissing the petition imports a finding of every fact essential to support his conclusion. *Durfee* v. *Durfee*, 293 Mass. 472. *Klefbeck* v. *Dous*, 302 Mass. 383. A judge who has seen and heard the witnesses is in a better position to determine their credibility than is a court which is confined to the printed record. The situation is different in regard to findings made upon written evidence. In that respect this court stands in the same position as did the trial judge, and reaches its own conclusion unaffected by the findings made by the trial judge. *Harvey-Watts Co.* v. *Worcester Umbrella Co.* 193 Mass. 138. *Glass* v. *Glass*, 260 Mass. 562. *Rodrigues* v. *Rodrigues*, 286 Mass. 77. *Hopkins* v. *Hopkins*, 287 Mass. 542. The case, however, is to be decided upon the entire evidence, and

findings of fact based wholly or partly upon oral testimony
are not to be set aside unless plainly wrong. *Edwards* v.
*Cockburn,* 264 Mass. 112. *Bratt* v. *Cox,* 290 Mass. 553.
*Malden Trust Co.* v. *Brooks,* 291 Mass. 273.

Berry's mother died on September 30, 1922. Her will
left one third of the residue of her estate in trust for her
son, Walter M. Berry, who was to have the income during
his life, and upon his death the principal was to be paid
"to his issue living at his decease by right of representa-
tion." A codicil modifying this trust contained the provi-
sion: "I authorize my trustee for the time being, in his or
its discretion to pay from time to time to my son Walter
M. Berry or to apply for his benefit such portions of the
principal of the trust fund provided for him in my said
Will as my trustee for the time being may deem expedient,
it being my intention to leave entirely to the discretion of
my trustee for the time being the advisability of making
such payments, and the times when, and the amounts in
which such payments, if any, shall be made." A Boston
bank was appointed trustee. Berry's counsel in July, 1924,
wrote the trustee requesting it to pay $2,500 in order that
Berry could discharge a mortgage of $2,000 on the house in
which he lived, and to enable him to pay some debts. This
letter, which was also signed by Berry, further stated that
Berry had no ready money; that he was dependent upon
his pension and what he earned from the furniture com-
pany; and that he had been ill and was not in good health.
The requested payment was made by the trustee. The
mortgage was discharged on July 31, 1924. It was on the
house in which Berry and his wife resided. The title stood
in the name of the wife but Berry and his wife had signed
the mortgage and the note that it secured. Similar letters,
some from counsel and some from Berry, followed, making
other requests for payments upon the trustee. The trustee,
as shown by its accounts filed in the Probate Court, made
payments, commencing with July 30, 1924, and ending on
June 27, 1931, of the entire trust fund amounting to $7,562.

The trustee was bound to comply with the provisions of
the will. It was required to act in good faith. with reason-

able prudence and sound judgment, guided by a due and rational appreciation of the fiduciary obligation and actuated by an honest, intelligent and diligent effort to discharge fully the responsibility which it had voluntarily accepted. *Kimball* v. *Whitney*, 233 Mass. 321. *State Street Trust Co.* v. *Walker*, 259 Mass. 578. *Exchange Trust Co.* v. *Doudera*, 270 Mass. 227. *Creed* v. *McAleer*, 275 Mass. 353.

One who receives trust property, with notice that its delivery constitutes a breach of trust, holds the property as a constructive trustee for those who are entitled to have it. The transferee of such a person, who takes with such notice or without consideration, has no greater rights, and likewise becomes a constructive trustee liable to reconvey the property or, if unable to do so, to pay the owner the proceeds or to compensate him for its value. *Otis* v. *Otis*, 167 Mass. 245. *Sargent* v. *Wood*, 196 Mass. 1. *Allen* v. *Stewart*, 214 Mass. 109. *Locke* v. *Old Colony Trust Co.* 289 Mass. 245. *Jones* v. *Jones*, 297 Mass. 198. *Jones* v. *Swift*, 300 Mass. 177. Am. Law Inst. Restatement: Trusts, §§ 289, 291, 292.

The measure of discretion possessed by the trustee must be determined by the provisions of the will, construed in accordance with the established principles of law. The testatrix left the advisability of making payments of principal as to both amounts and times entirely to the discretion of the trustee. The power was not unlimited and it could not be exercised unreasonably, arbitrarily or capriciously. The authority conferred must be regarded as the means that the testatrix selected and deemed appropriate to effectuate the accomplishment of the general purpose for which the trust was created. She did not, however, expressly condition the exercise of the discretion granted upon the happening of any contingency or upon the existence of any particular facts. *Corkery* v. *Dorsey*, 223 Mass. 97. *Boyden* v. *Stevens*, 285 Mass. 176, 179. *Cronan* v. *Cronan*, 286 Mass. 497. *Old Colony Trust Co.* v. *Rhodes*, 299 Mass. 390. If the trustee, possessing the broad powers conferred upon it by her will, in its sound judgment and prudent discretion concluded that it was advisable to make payments of the entire principal, over a course of years, it was authorized to do so.

*Leverett* v. *Barnwell,* 214 Mass. 105. *Boyden* v. *Stevens,* 285 Mass. 176. *Dumaine* v. *Dumaine,* 301 Mass. 214. No representative of the corporate trustee testified as to the reasons that prompted it to pay over the principal of the trust. Some of the payments followed letters from Berry and his counsel, while others were made upon the signing by Berry of what appears to have been the usual form of a request furnished by the trustee. The first payment of $2,500 was the largest, and it is evident that $2,000 of that sum was paid for a discharge of a mortgage upon the house in which Berry lived. The balance of the trust fund, amounting to approximately $5,000, was paid to him in the course of the next seven years. The petitioner concedes in his brief that the codicil may have been sufficient authority to the trustee to make these payments to Berry, yet he contends that such payments were induced by the false representations of Berry and constituted, as against the remaindermen, a misappropriation of the trust funds. Whether the representations of Berry were fraudulent and whether they induced the trustee to make these payments were questions of fact for the determination of the judge of probate. The first payment was made on the same date as the letter. Whether Berry furnished additional information to the trustee, or what knowledge the latter had before it made the payments, is not disclosed by the record. The mere exercise of its admitted power to pay out the trust funds did not, upon this record, constitute a breach of trust and we cannot say that the judge was wrong in finding, as he must have found in dismissing the petition, that the petitioner had failed to sustain the burden of proving that the payments were actuated by the fraud of Berry. *Harvey* v. *Squire,* 217 Mass. 411, 415. *Phinney* v. *Friedman,* 224 Mass. 531. *Barnett* v. *Handy,* 243 Mass. 446, 447, 448. *Butler* v. *Martin,* 247 Mass. 169, 173. *Willett* v. *Herrick,* 258 Mass. 585, 596, 597. *Wiley* v. *Simons,* 259 Mass. 159. *Zintz* v. *Golub,* 260 Mass. 178. *Heftye* v. *Kelley,* 262 Mass. 573. *Rosenberg* v. *Rome,* 275 Mass. 64, 67. *Picard* v. *Allan,* 285 Mass. 15, 17. *Forman* v. *Hamilburg,* 300 Mass. 138, 141. *Sherburne* v. *Meade,* 303 Mass. 356.

A short answer to the petitioner's contention is that, as administrator of his father's estate, he has no standing to challenge the validity of these payments. The estate has no interest in the administration of the trust or in the restitution of the trust property. The remaindermen and the trustee were the proper parties to assert such claims. *Dalton* v. *Savage,* 9 Met. 28. *Warner* v. *Morse,* 149 Mass. 400. *Moore* v. *Mansfield,* 248 Mass. 210. *Tingley* v. *North Middlesex Savings Bank,* 266 Mass. 337. The petitioner as an individual was one of the remaindermen, and all of them testified in support of the petition which was evidently brought for their benefit. We have discussed the matter simply because, after two complete and separate hearings, it is apparent that the respondent cannot be charged as constructive trustee on account of any property received by Berry from the trust established by his mother's will.

The petitioner did not show that his estate has proprietary interest in any of the savings bank accounts or coöperative bank shares which stood in the joint names of his intestate and Mrs. Berry or in the name of the latter alone. Even if some of the money might have come from Berry, his wife was not shown to have acted without his consent in making the deposits or in purchasing the bank shares. And the same is true of the purchase and sale of two lots of telephone stock, which stood in their joint names. The profits secured from the sale of the first lot were nearly equal to the loss sustained by a sale of the second lot. The parties were husband and wife, and the evidence was clearly insufficient to overcome the presumption that, whatever money of the husband entered into any of these transactions, it was an advancement, settlement or gift to the wife. *Pollock* v. *Pollock,* 223 Mass. 382, 384. *Daniels* v. *Daniels,* 240 Mass. 380, 385. *Scanzo* v. *Morano,* 284 Mass. 188. *Hogan* v. *Hogan,* 286 Mass. 524. *Moat* v. *Moat,* 301 Mass. 469, 471.

The petitioner did not show that the wife had received any property in trust for her husband, and therefore the cases upon which he relies enunciating the principle that the burden is upon a trustee to account are inapplicable. *Smith* v. *Smith,* 222 Mass. 102, 106. *Colburn* v. *Hodgdon,* 241

Mass. 183, 192. *Pappathanos* v. *Coakley*, 263 Mass. 401, 408.

There was nothing in the documentary evidence, which consisted principally of the records of the various banks and the telephone company showing the opening and closing of various joint accounts and the acquisition and disposal of bank shares and stock, to warrant a finding that the husband's estate had any interest in the accounts or the securities. The evidence did not show that the husband and wife did not freely and voluntarily enter into an arrangement which included the making of the deposits and the acquisition of the securities. The names in which the accounts and securities stood were not conclusive in determining the rights of the parties. The petitioner did not prove that the property was put in the names of both as a matter of convenience for the husband; or that the wife held as trustee for him; or that he never intended to give her any rights in the property; or that on some other ground she never acquired an interest therein. The case is clearly distinguishable from *Bradford* v. *Eastman*, 229 Mass. 499, *Battles* v. *Millbury Savings Bank*, 250 Mass. 180, *Lukey* v. *Parks*, 279 Mass. 244, *Moreau* v. *Moreau*, 250 Mass. 110, *Eddy* v. *Eddy*, 281 Mass. 156, and *Greeley* v. *O'Connor*, 294 Mass. 527. The various joint transactions in which the husband and wife participated and the use and management of the proceeds while both were alive warranted a finding that he intended to give her a present interest in the property standing in their names which, upon his death, would ripen into full and complete ownership. *Holyoke National Bank* v. *Bailey*, 273 Mass. 551. *Splaine* v. *Morrissey*, 282 Mass. 217. *Coolidge* v. *Brown*, 286 Mass. 504. *Goldston* v. *Randolph*, 293 Mass. 253. *Batal* v. *Buss*, 293 Mass. 329. *Gibbons* v. *Gibbons*, 296 Mass. 89. *Castle* v. *Wightman*, 303 Mass. 74. *Sullivan* v. *Hudgins*, 303 Mass. 442.

There was evidence that Berry in 1932 had $2,000, which he kept in a safe at his home. If the judge considered such testimony as credible, then there was nothing to show what Berry did with this money or that it was in his possession at the time of his death. *Malden Trust Co.* v. *George*, 303 Mass. 528.

We cannot say that the conclusion of the judge that no assets of the husband's estate were shown to have been included in the estate of the wife was wrong. The decree dismissing the petition was right.

*Decree affirmed with costs.*