FRANK H. SOUZA *vs.* MARY P. SOUZA & others. February 7, 1950. Appeals from denial of motions dismissed. Decree affirmed with costs. This is a suit in equity by a husband against his wife in which he seeks to establish his title to certain real estate in Milton and the ownership of certain savings bank accounts, shares in coöperative banks, and the contents of safe deposit boxes, including cash and United States savings bonds. The suit is here on an appeal from a decree dismissing the bill, an appeal from the denial of a motion for a

rehearing to present further evidence, and an appeal from the denial of a motion to vacate the final decree on the ground that the motion for a rehearing had not been heard and decided before the entry of the final decree. The evidence is reported and the judge made "findings and order for decree." His findings may be summarized as follows: The plaintiff had accounts in certain banks payable to him solely; the moneys turned over to the defendant by the plaintiff did not constitute the entire resources of the plaintiff; the plaintiff stated on several occasions, "the money in the bank in my name is mine, and the money in her name, is hers"; the plaintiff intended to make and did make a gift of the real estate in Milton to the defendant as well as all of the moneys he delivered to the defendant except the money then on deposit in the Dedham Cooperative Bank in their joint names; the plaintiff made and intended to make a gift of the United States bonds which he delivered to the defendant; and the plaintiff had failed to establish, upon all the evidence, that he had a beneficial interest either in the real estate or in the personal property, that were in substance the subject matters of this suit. The reported evidence fully justifies the findings of the judge. There is a rebuttable presumption that a husband who pays the entire consideration for a transfer of property in the name of his wife intends that the property be hers by way of gift, settlement or advancement, and this applies to personalty as well as to realty. *Berry* v. *Kyes*, 304 Mass. 56, 61, and cases there cited. The findings of the judge based wholly or partly on oral testimony are not to be set aside unless plainly wrong. *Berry* v. *Kyes*, 304 Mass. 56, 58, and cases there cited. There is nothing in the appeals of the plaintiff from the denial of his motions. Appeals in equity are limited to appeals from interlocutory and final decrees, G. L. (Ter. Ed.) c. 214, §§ 19, 26, and not every judicial act in an equity case falls within either class. *Carilli* v. *Hersey*, 303 Mass. 82, 83. It is clear that these motions were addressed to the discretion of the judge and denial of them does not constitute error. *Bartley* v. *Phillips*, 317 Mass. 35, 41.

*E. McPartlin*, for the plaintiff.

*L. J. Kowal*, (*S. A. Silverman* with him,) for the defendant Souza.