*Southern District*
No. 66

**RUTH M. MEZOFF**
v.
**JACK MADDEN FORD SALES, INC.**
(Defendant and Third Party Plaintiff)
v.
**ALBERT R. MEZOFF**
(Third Party Defendant)
Argued: Oct. 10, 1973   Decided: Dec. 31, 1973

Case tried to *Rider, J.,* in the District Court of Northern Norfolk.   No. 66.

*Present:* Murphy, P.J., Covett, Lee, JJ.

**Covett, J.** This is an action of tort or contract to recover the sum of $2500 for the alleged conversion by the defendant, Jack Madden Ford Sales, Inc. (Madden) of a certain 1967 Ford convertible automobile. Its answer is a general denial. A third-party writ was entered in this matter and Albert R. Mezoff (Albert) was impleaded as a third party defendant. His answer is also a general denial.

In the original action, the court found for the plaintiff in the sum of $1,800 with interest from the date of the writ, and in the third party action, the court found for the third party plaintiff (Madden) in the sum of $1,-800 with interest from the date of the writ.

*At the trial, there was evidence tending to show:*

In March, 1967, the plaintiff's car was getting old. Her birthday was the next month. In March, 1967, the plaintiff had conversations with her husband Albert, the third party defendant. Subsequently, on March 24, 1967, he purchased a 1967 Ford convertible from defendant Madden and paid for same by his personal check. The convertible was purchased from the sales manager of Madden with whom Albert had a previous history of dealings. It was Albert alone who had any contact with Madden or its sales manager in connection with any sales or purchases of any motor vehicle in-

cluding, but not limited to, the Ford convertible involved herein.

It was stipulated by all parties that said vehicle was registered in the name of plaintiff at all times material hereto.

There was a 1965 Ford station wagon registered to Albert as owner at all times material hereto.

There was conflicting evidence as to the use and operation of the 1967 Ford convertible and the 1965 station wagon. Albert testified that he used the convertible on a nearly exclusive daily basis as transportation to and from his home and law offices. The plaintiff testified she used the convertible on a nearly exclusive basis for transportation to and from work, general transportation for herself and their children, a certain dog, and for purposes of grocery shopping. In the summer of 1969, the plaintiff, because of marital difficulties, caused the locks to be changed on the Ford convertible to prevent her husband Albert from using said vehicle. On or about September 18, 1969, Albert had the convertible driven or towed from the parking lot of plaintiff's employer to the defendant and traded it and the station wagon in part payment for a new vehicle. The plaintiff did not authorize her husband or anyone else to sell the convertible to the defendant Madden.

Albert was known personally by Madden and its employees and Madden made no in-

quiry as to ownership or registration of the vehicles at the time said vehicles were accepted in trade. The plaintiff made a demand upon Madden for the return of the convertible which demand was refused.

At the close of the evidence and before the final arguments, Albert filed twenty requests for rulings.

The court found the following facts:

"On *March 24, 1967,* Albert, the third party defendant, purchased a new Ford convertible from Madden and paid for it by his check. The motor vehicle was registered in the name of the plaintiff, his wife, as owner as an individual, and remained registered to her as such at all times material hereto. Albert made a gift of this motor vehicle to the plaintiff at the time of its purchase. There was also a station wagon registered to Albert as owner at all times material hereto. Both vehicles were used by the plaintiff and her husband for business purposes or pleasure, depending to some extent on which vehicle was most easily available at the time and the purpose for which the particular vehicle was to be used. The marital ties of the plaintiff and her husband Albert became strained in the early summer of 1969, and the plaintiff had the locks changed on the Ford convertible to prevent further use of it by her husband. On or about September 18, 1969, through arrangements made by Al-

bert, plaintiff's vehicle was driven or towed from her place of employment to the defendant's premises, without plaintiff's knowledge or consent. On that date, Madden traded the Ford convertible and the station wagon to Albert in part payment for a new motor vehicle. In accepting the Ford convertible in trade, Madden made no inquiry, and was furnished no information or documentation, concerning its ownership or registration. Shortly thereafter, the plaintiff made demand upon Madden for the return of her vehicle, and was refused. I find that the plaintiff did not authorize, or consent to, the sale or trading of her motor vehicle to the defendant.''

Albert claims he was aggrieved by the denial of the following requests for rulings:

''5. The evidence is insufficient to warrant a finding that the plaintiff, Ruth Mezoff, was owner of the vehicle at the time of the alleged conversion.''

''7. The evidence is insufficient to warrant a finding that plaintiff, Ruth Mezoff, had a right to immediate possession of the vehicle at the time of the alleged conversion.''

''9. The evidence is sufficient to require a finding that third party defendant, Albert R. Mezoff, had actual possession of the property at the time of the alleged conversion.''

''12. The evidence is insufficient to warrant a finding that a gift of the vehicle was made from Albert R. Mezoff to Ruth Mezoff.''

"*15.* The evidence is sufficient to require a finding that third party defendant, Albert R. Mezoff, had the right to immediate possession of the vehicle at the time of the alleged conversion."

"*16.* The evidence is sufficient to require a finding that the vehicle was registered in the name of plaintiff, Ruth Mezoff, solely as a convenience to Albert R. Mezoff."

"*19.* On all evidence a finding in favor of defendant, Jack Madden Ford Sales, Inc., is required." And by the court's action in finding defendant's request for ruling numbered 10 immaterial, which request for ruling is "Actual possession in Albert R. Mezoff is prima facie evidence of title."

The sole issue in this case is whether or not a gift of the vehicle was made from Albert R. Mezoff, the husband and third party defendant, to Ruth Mezoff, the plaintiff.

"There is a rebuttable presumption that a husband who pays the entire consideration for a transfer of property in the name of his wife intends that the property be hers by way of gift, settlement or advancement, and this applies to personalty as well as to realty." *Souza* v. *Souza,* 325 Mass. 761, (1950).

The fact that the automobile was registered in the name of the wife was evidence that the automobile was owned by her. *Burns* v. *Winchell,* 305 Mass. 276, (1940). *Casey* v. *Gallagher,* 326 Mass. 746, (1950).

The question presented is simply a question of fact whether enough appears to rebut the presumption of a gift. The defendant has failed to produce any evidence on the husband's motivation for registering in his wife's name the automobile he purchased. See *Krasner v. Krasner,* Mass. Adv. Sh. (1972) 1263, 1265.

The case of *MacKenzie v. MacKenzie,* 306 Mass. 291 (1940), upon which the defendant strongly relies, is to be distinguished. The defendant wife in that case registered the car in her name without the knowledge or consent of the plaintiff husband.

In an action at law, the general and special findings of the justice are to stand if warranted upon any possible view of the evidence and may not be reversed unless there is no evidence to sustain them. *Moss v. Old Colony Trust Co.,* 246 Mass. 139, 143, (1923).

Whether or not a gift of the automobile was intended was a question of fact for the determination of the judge, and his decision, which cannot be said to have been unsupported by the evidence, cannot be disturbed or reversed.

Requests for rulings numbered 5, 7, 12, and 15 were properly denied.

The alleged conversion took place at the time that the defendant refused on demand to return the automobile to the plaintiff. *Atlantic Finance Corp. v. Galvam,* 311 Mass. 49, 50, 51, (1941). Request numbered 9 was properly denied.

There is no evidence that the vehicle was registered in the name of the plaintiff solely as a convenience to the husband, therefore, request numbered 16 was properly denied.

Request numbered 19 was properly denied as the defendant failed to comply with Rule 27, Rules of the District Courts (1965).

Since the judge found as a fact that the husband made a gift of the automobile to the wife, request numbered 10 was immaterial.

There being no prejudicial error, the **report is to be dismissed. So ordered.**

MANUEL S. TAYLOR AND
  PAUL A. KRAMER
  for the plaintiff
BAUMAN & BAUMAN
  for the defendant