Henry P. CARR, Plaintiff-Appellant,

v.

Israel LEARNER et al.,
Defendants-Appellees.

No. 76–1237.

United States Court of Appeals,
First Circuit.

Argued Sept. 9, 1976.

Decided Dec. 27, 1976.

William Jerome, Somerville, Mass., for appellant.

Harold B. Roitman, Boston, Mass., with whom Karl E. Klare and Segal, Roitman & Coleman, Boston, Mass., were on brief, for Israel Learner, Francis L. Walsh and Samuel E. Smith, appellees.

James T. Grady, Boston, Mass., with whom Grady & McDonald, Boston, Mass., was on brief, for William J. McCarthy, appellee.

Robert J. Higgins, Washington, D.C., with whom Gordon P. Ramsey, Boston, Mass., Ira R. Mitzner, Washington D.C., and Dickstein, Shapiro & Morin, Boston, Mass., were on brief, for Frank E. Fitzsimmons and Joseph Trerotola, appellees.

Before COFFIN, Chief Judge, CLARK,* Associate Justice, U.S. Supreme Court (Ret.), McENTEE, Circuit Judge.

McENTEE, Circuit Judge.

This is an appeal from a dismissal for want of jurisdiction pursuant to Fed.R. Civ.P. 12(b)(1). The district court held that it had no subject matter jurisdiction under § 501 of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 501,[1] which was the only jurisdictional ground asserted by plaintiff. 410 F.Supp. 102 (D.Mass.1976).

Plaintiff had sought injunctive relief and damages from various past and present officers of Local 259 of the Newspaper, Chauffeurs, Distributors, and Helpers Union ("Local 259") and the International Brotherhood of Teamsters ("Teamsters"), with which Local 259 is affiliated. He alleged that defendants had violated § 501 by their failure to have obtained for him a better retirement plan than the one which

---

* Sitting by designation.

1. Section 501 reads in pertinent part:

"(a) The officers, agents, shop stewards, and other representatives of a labor organization occupy positions of trust in relation to such organization and its members as a group. It is, therefore, the duty of each such person, taking into account the special problems and functions of a labor organization, to hold its money and property solely for the benefit of the organization and its members and to manage, invest, and expend the same in accordance with its constitution and by-laws and any resolutions of the governing bodies adopted thereunder, to refrain from dealing with such organization as an adverse party or in behalf of an adverse party in any matter connected with his duties and from holding or acquiring any pecuniary or personal interest which conflicts with the interests of such organization, and to account to the organization for any profit received by him in whatever capacity in connection with transactions conducted by him or under his direction on behalf of the organization. . . ." 29 U.S.C. § 501.

The next subsection, § 501(b), confers jurisdiction upon the district courts for actions arising under § 501(a).

currently exists between Local 259 and his employer, the Hearst Corporation.[2]

While we tend to think that dismissal under Fed.R.Civ.P. 12(b)(6) for failure to state a claim might have been more appropriate than dismissal for want of subject matter jurisdiction, *see Bell v. Hood*, 327 U.S. 678, 682, 685, 66 S.Ct. 773, 90 L.Ed. 939 (1946); *Buchler v. United States*, 384 F.Supp. 709, 714 (E.D.Cal.1974),[3] we are not bound by the label employed below, *Tuley v. Heyd*, 482 F.2d 590, 593 (5th Cir. 1973), and we agree that the case should have been dismissed.

The essential issue before us is whether allegations of the sort made by plaintiff state a claim under § 501. Those circuits which have ruled on the scope of § 501 are decidedly not all in harmony with one another. Some have held that "§ 501 imposes fiduciary responsibility in its broadest application and is not confined in its scope to union officials only in their handling of money and property affairs." *Johnson v. Nelson*, 325 F.2d 646, 651 (8th Cir. 1963). *See also Pignotti v. Local # 3 Sheet Metal Workers' Int'l Ass'n*, 477 F.2d 825, 832–35 (8th Cir.), *cert. denied*, 414 U.S. 1067, 94 S.Ct. 576, 38 L.Ed.2d 472 (1973) (reaffirming the rule of the *Johnson* case); *Sabolsky v. Budzanoski*, 457 F.2d 1245 (3d Cir.), *cert. denied*, 409 U.S. 853, 93 S.Ct. 65, 34 L.Ed.2d 96 (1972); *Cefalo v. Moffett*, 146 U.S.App. D.C. 117, 449 F.2d 1193, 1198 & n.15 (1971). Other circuits, however, have held that § 501 should be read narrowly and have concluded that "it applies to fiduciary responsibility with respect to the money and property of the union and . . . is not a catch-all provision under which union officials can be sued on any ground of misconduct with which the plaintiffs choose to charge them." *Gurton v. Arons*, 339 F.2d 371, 375 (2d Cir. 1964) (footnote omitted). *See also McNamara v. Johnston*, 522 F.2d 1157, 1163 (7th Cir. 1975), *cert. denied*, 425 U.S. 911, 96 S.Ct. 1506, 47 L.Ed.2d 761 (1976); *Head v. BRAC*, 512 F.2d 398, 400–01 (2d Cir. 1975) (reaffirming the rule of the *Gurton* case). *See generally* Aaron, The Labor-Management Reporting and Disclosure Act of 1959, 73 Harv.L.Rev. 851, 894–95 (1960); Clark, The Fiduciary Duties of Union Officials Under Section 501 of the LMRDA, 52 Minn.L.Rev. 437, 440–44 (1967); Rosen, Fair Representation, Contract Breach and Fiduciary Obligations: Unions, Union Officials and the Worker in Collective Bargaining, 15 Hasting L.J. 391, 427–31 (1964); Summers, Internal Relations Between Unions and Their Members, 18 Rutgers L.Rev. 236, 299–300 (1964).

We have never expressed a view as to the exact parameters of § 501; and, since the present case does not require us to do so, we shall not rule on this issue at this time. *See Kerr v. Shanks*, 466 F.2d 1271, 1275 (9th Cir. 1972).

Because this is an appeal from a dismissal, we view plaintiff's allegations as true. *Walker Process Equipment, Inc. v. Food Machinery & Chemical Corp.*, 382 U.S. 172, 174–75, 86 S.Ct. 347, 15 L.Ed.2d 247 (1965). But even so viewing the allegations and construing them "so . . . as to do substantial justice," Fed.R.Civ.P. 8(f), we are unable to say that he has stated a claim under § 501. Plaintiff nowhere alleges, whether in so many words or otherwise, that defendants have breached their fiduciary duty. Not only does he fail to allege any actual misuse of union funds or property, but he also fails to indicate how any fiduciary duty imposed on defendants by

---

**2.** Pursuant to the contracts obtained by Local 259 as bargaining agent, plaintiff is a member of the Boston Newspaper Retirement Fund. This is a different pension fund from that in which many other Teamster locals in New England are members (the New England Teamsters and Trucking Industry Pension Fund). It is also different from the pension fund in which employees of Teamster organizations, including the defendants, participate (the Teamster Affiliates Pension Plan). *Carr v. Learner*, 410 F.Supp. 102, 103–04 (D.Mass.1976).

It is undisputed that the benefits of the two last-mentioned pension funds are superior to those of plaintiff's plan.

**3.** *Cf. Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 409 F.2d 718, 719–20 (2d Cir. 1969), *rev'd on other grounds*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

§ 501 might otherwise have been ignored. It is true that plaintiff alleges that defendants dealt with him (and Local 259) as an adverse party and held a pecuniary or personal interest in conflict with his and the Local's interests; but when the complaint is read as a whole it fails to reveal anything more than dissatisfaction on plaintiff's part with the pension plan which was obtained by the union as his collective bargaining agent. Moreover, it is clear from the pleadings that the alleged conflict of interest arises only from the fact that defendants do not belong to the same pension plan as does plaintiff. Of itself, however, this fact is insufficient to state a cause of action claiming conflict of interest or breach of a fiduciary relationship.

 Plaintiff also alleges that defendants breached their § 501 fiduciary duty by failing to obtain a more favorable pension plan through the collective bargaining process. We have considerable doubt whether, in view of the other avenues of relief available under the Labor-Management Relations Act of 1947, see § 301, 29 U.S.C. § 185; *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967), Congress intended that § 501 be a means of monitoring the results of collective bargaining. Even assuming, however, that § 501 reaches conduct during the collective bargaining process, we do not think that the fiduciary duty imposed by it is violated in a case where nothing more is alleged than poor performance as a collective bargaining agent. *See Aikens v. Abel*, 373 F.Supp. 425, 433 (W.D.Pa.1974). While § 501 surely imposes obligations in addition to "the punctilio of an honor the most sensitive," *Meinhard v. Salmon*, 249 N.Y. 458, 464, 164 N.E. 545, 546 (1928) (Cardozo, C. J.), on those to whom it is addressed, we do not believe that it permits a cause of action to be stated whenever a union member is dissatisfied with the results of the collective bargaining process. Although a fiduciary relationship implies certain affirmative as well as negative obligations, *cf. O'Brien v. Dwight*, 363 Mass. 256, 294–95, 294 N.E.2d 363, 385 (1973); *Berry v. Kyes*, 304 Mass. 56, 58–59, 22 N.E.2d 622, 624 (1939), it does not require that collective bargaining

agents necessarily obtain what hindsight reveals to be *optimal* results. *Cf. O'Brien v. Dwight, supra,* 363 Mass. at 295, 294 N.E.2d at 386. The collective bargaining process is, by definition, too complex and too adversarial in nature to subject the participants in it to liability for every failure fully to satisfy their constituency.

We express no view as to whether plaintiff might be able to state a claim under some other jurisdictional heading.

*Affirmed.*