Welsh, P.J.
This is a civil action sounding on contract in which the plaintiff corporation seeks to recover $13,000.00 for money allegedly loaned to the defendant for the purchase of a lot of land in Avon.
The answer was by way of a general denial.
The trial judge found for the plaintiff and ordered judgment for $13,000.00.
At the trial there was evidence tending to show the foEowing:
The plaintiff corporation was organized as a business corporation for the purpose of carrying the business of constructing and selling new homes.
Richard Feodoroff was at the times material the vice president of the corporation and the owner of 50% of the outstanding shares of stock. In AprE of 1980, the plaintiff corporation acquired a parcel of land known as 3 Leo’s Lane in Avon. The defendant, acting as a “straw,” took title in her own name and immediately conveyed the lot to the plaintiff. Richard testified that in June of 1980 the defendant requested that the corporation seE her the lot for $13,000.00, which sum she would pay without unreasonable delay. She proposed to pay the $13,000.00 for the lot with the proceeds of sale of another lot owned by the defendant. John Feodoroff, the husband of the defendant, owned 50% of the stock of the corporation and held an office. He was present during these discussions. Richard’s evidence was, in substance, that the transaction was not intended as a gift by her husband or by the corporation, but was understood to be a business transaction. Richard indicated that John Feodoroff and the defendant were estranged, having lived separately for approximately two years prior to June of 1980.
Steve Cosindas, the defendant’s brother, testified that the defendant had informed him that she had taken title as a “straw” originaEy and had purchased the property in June 1980 for $13,000.00, intending to payfor the conveyance by seEing real estate she owned in Brockton. The defendant and John Feodoroff resumed cohabitation in June or July of 1981. After her husband John had terminated his relationship with the corporation, the defendant informed Cosindas she would now never repay the $13,000.00 loan to the plaintiff.
Payment for the conveyance in AprE 1980 was made by two checks; one drawn on the plaintiff corporation’s account; the other on the account of Feodoroff Real Estate Agency. This latter account was owned by Richard and John Feodoroff. The plaintiff corporation reimbursed the Feodoroff Real *162 Estate Agency for the $3,000.00 advanced.
There was also evidence that legal fees in connection with the April 1980 conveyance were paid by the plaintiff corporation.
The defendant’s version was quite different. She claimed that when the lot was purchased in 1980, it was for her own benefit and not a “straw” transaction. She and her husband John testified that the transaction was intended as a contingent gift to be repaid only if the proceeds were to be used for speculation. The gist of her testimony was that the conveyance was a gift, not to be repaid so long as the defendant used it to procure housing for her personal use. If the defendant resold the property for speculative purposes, the loan was payable forthwith.
John Feodoroff testified that because of his office, he was empowered to make such a gift.[1]
At the close of the trial, and contemporaneously with argument, the defendant requested the court to rule that the plaintiff failed to sustain its burden of overcoming the presumption of a contingent gift in the circumstances of this case. The defendant claims to be aggrieved by the refusal by the court to so rule.
There was no error.
1. There is a rebuttable presumption that where a husband furnishes the entire consideration for a transfer of property, real or personal, to stand in the name of his wife, that his intent is that the property be hers by way of gift, settlement or advance. Berry v. Kyes, 304 Mass. 56, 61 (1939); Souza v. Souza, 325 Mass. 761, 762 (1950); Mezoff v. Jack Madden Ford Sales, Inc., 53 Mass. App. Dec. 78, 84 (1973). Of course, the presumption can be operative only where the husband is the legal or beneficial owner of either the property transferred or the consideration for the transfer. This “presumption” of gift embodies or rests upon common sense ideas for discerning donative intent; it applies only in the absence of countervailing factors. The goals in each such case is to arrive at a fair interpretation based upon all of the circumstances. Robinson v. Robinson, 366 Mass. 582, 586 (1974). See Krasner v. Krasner, 362 Mass. 186, 189 (1972). The instant case is distinguishable from cases like English v. English, 229 Mass. 11 (1917), in that therein the trial court determined there was no understanding that the wife would hold the property for the benefit of the husband. Id. at 12. In the present case, the judge expressly found, warrantably upon the evidence, that the conveyance had not been intended as a gift, but as a business transaction wherein the defendant undertook to pay $13,000.00 for the conveyance of the property. There was testimony from Richard Feodoroff to this effect. There was contrary evidence to be sure. It was for the trial judge to resolve any questions as to credibility.
2. Apart from this, the defendant ignores the fundamental point that the asset which was transferred to the defendant did not belong to her husband. It belonged to a business corporation aggregate in which persons other than her husband had a beneficial interest. The fact that her husband was a major stockholder, would not permit him to treat the assets of the corporation as his own. England v. Dearborn, 141 Mass. 590, 591-592 (1886). Even if it were posited that the husband were the sole stockholder, the doctrine of regarding the corporation as a legal entity would prevent the asset transferred from being considered his own property which he could dispose of as he wished. Albert Richards Co. Inc. v. Mayfair, Inc., 287 Mass. 280, 288 (1934). In Massachusetts, it has been held that the fact that a former stockholder *163 consents to the disbursement of corporate funds for repairs and improvements upon lands of one who later became the sole stockholder would not defeat a claim for reimbursement by the corporation for such money. Medlinsky v. Premium Cut Beef Co., 320 Mass. 22, 27 (1946). A stockholder has no power to make a testamentary disposition of corporate assets. Crane v. Horton, 287 Mass. 160, 163 (19334). Nor may a debt owed to a corporation be discharged by payment to or at the direction of a shareholder, in the absence of authority from the corporation itself to satisfy the debt in such a manner. M. McDonough Corp. v. Connolly, 313 Mass. 62, 66-67 (1943). Astockholder, even though he be the dominant shareholder and principal managing officer, has no right to give away assets of the corporation. Id. at 66. Clearly, in the circumstances of this case, the principle of “presumption” of gift arising in certain inter spousal transfers in inapposite.
There was no error in the refusal to give the requested ruling. Nor was the court required to conclude, on the basis of conflicting evidence, that there was . a contingent gift.
There being no prejudicial error, the report is ordered to be dismissed.
So ordered.

 This was a question of law for the court, rather than a matter about which he could testify.